```
                                            FILED

                                    18 OCT 31 PM 4:11

                                    CLERK, U.S. DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA

                            BY:        VPC        DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **18 CR 4683 GPC** |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 1037(a)(5) and (b)(2)(C) – Electronic Mail Fraud; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982(a)(1) and 1037(c), Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |
| JACOB BYCHAK (1), MARK MANOOGIAN (2), MOHAMMED ABDUL QAYYUM (3), PETR PACAS (4), | |
| Defendants. | |

The grand jury charges:

### Count 1

### Conspiracy (18 U.S.C. § 371)

1.    Beginning at least as early as December 2010 and continuing up to and including at least September 2014, within the Southern District of California and elsewhere, defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, and PETR PACAS did knowingly and willfully conspire with each other, Daniel Dye (charged elsewhere), Vincent Tarney (charged elsewhere) and others to commit offenses against the laws of the United States, to wit, wire fraud in violation of Title 18, United

MKP:nlv(cms):San Diego:10/30/18

1   States Code, Section 1343, and felony electronic mail fraud in violation

2   of Title 18, United States Code, Section 1037(a)(5) and (b)(2)(C).

### MANNER AND MEANS

3

4   2.   The objects of the conspiracy were to be accomplished, in

5   substance, as follows:

6         a.   Members of the conspiracy would identify or pay to

7             identify blocks of Internet Protocol (IP) addresses

8             called "netblocks" that were registered to others and

9             appeared to be inactive.

10        b.   Members of the conspiracy would create and send letters

11            to Internet hosting companies fraudulently stating the

12            letter bearer had been authorized by the registrants of

13            the inactive IP addresses to use the IP addresses.

14        c.   Members of the conspiracy would use the fraudulently

15            acquired IP addresses to send commercial email ("spam")

16            messages.

### OVERT ACTS

17

18  3.   In furtherance of the conspiracy, the following overt acts,

19  among others, were committed within the Southern District of California

20  and elsewhere:

21        a.   On or about August 25, 2013, in San Diego, California

22            defendant MOHAMMED ABDUL QAYYUM created a letter which

23            fraudulently purported to authorize the use of a netblock

24            not registered to the conspirators and emailed the letter

25            to defendants MARK MANOOGIAN and JACOB BYCHAK.

26        b.   On or about January 13, 2014, in San Diego, QAYYUM emailed

27            BYCHAK, MANOOGIAN, and others that he was preparing

28            network connections and would advise when a netblock

1     purchased from a company employing Daniel Dye was ready

2         to send commercial emails.

3  All in violation of Title 18, United States Code, Section 371.

4                          Counts 2-5

5              **Wire Fraud - 18 U.S.C. § 1343**

6     4.   Beginning at least as early as December 2010 and continuing

7  up to and including at least September 2014, within the Southern District

8  of California and elsewhere, defendants JACOB BYCHAK, MARK MANOOGIAN,

9  MOHAMMED ABDUL QAYYUM and PETR PACAS, having devised a material scheme

10  and artifice to defraud, and for obtaining money and property by means

11  of materially false and fraudulent pretenses, representations and

12  promises, did, on the dates set forth below, transmit and cause to be

13  transmitted by means of wire communication in interstate commerce the

14  writings, signs and signals below for purposes of executing the scheme

15  and artifice to defraud.

16     5.   It was a part of the scheme and artifice to defraud that the

17  defendants searched for IP addresses registered to third parties that

18  appeared to be inactive.

19     6.   It was a further part of the scheme and artifice to defraud

20  that the defendants created and sent letters to Internet hosting

21  companies fraudulently making it appear that the registrant of the IP

22  addresses had authorized the defendants' use of the IP addresses.

23     7.   It was a further part of the scheme and artifice to defraud

24  that the defendants used the IP addresses to send commercial email

25  messages knowing they did not obtain control of the IP addresses from

26  the true registrant or the legitimate successor in interest.

27     8.   It was a further part of the scheme and artifice to defraud

28  that the defendants concealed their use of the IP addresses to send

3

"spam" emails by using business names, post office boxes, and email addresses under different names.

| Count | Date | From | To | Description |
|-------|------|------|-----|-------------|
| 2 | 11-11-13 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of ECT netblock |
| 3 | 1-9-14 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of Telalink netblock |
| 4 | 2-28-14 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of MooreSolutions netblock |
| 5 | 3-10-14 | San Diego | Oklahoma | PayPal wire transfer of $600 for hosting of Telalink netblock |

All in violation of Title 18, United States Code, Sections 1343 and 2.

Counts 6-10

**Electronic Mail Fraud - 18 U.S.C. § 1037(a)(5)**

9.    On or about the dates set forth below, within the Southern District of California, defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS did, in and affecting interstate commerce, knowingly and falsely represent themselves to be the registrant and the legitimate successor in interest to the registrant of 5 and more Internet Protocol addresses, as described below, and intentionally initiate the transmission of multiple commercial electronic mail messages from such addresses, and the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, and 250,000 during any 1-year period:

4

| Count | Date | Block of IP addresses |
|---|---|---|
| 6 | 11-3-13 | 151.192.0.0/16 (SierraSemi) |
| 7 | 11-24-13 | 167.87.0.0/16 (MooreSolutions) |
| 8 | 11-25-13 | 207.152.0.0/18 (Telalink) |
| 9 | 1-25-14 | 168.129.0.0/16 (OpenBusinessSystems) |
| 10 | 1-26-14 | 165.192.0.0/16 (ECT) |

All in violation of Title 18, United States Code, Sections 1037(a)(5) and (b)(2)(C), and Title 18, United States Code, Section 2.

## Criminal Forfeiture Allegations

10. The allegations contained in Counts 1 through 10 are realleged herein for purposes of alleging forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 1037(c), and Title 28, United States Code, Section 2461(c).

11. Upon conviction of the offense alleged in Count 1 (conspiracy), pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(1), and 1037(c), and Title 28, United States Code, Section 2461(c), defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM and PETR PACAS shall forfeit to the United States all rights, title and interest in any and all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as the result of such violation; any property, real and personal, involved in the offense and any property traceable to such property; and any equipment, software or other technology used or intended to be used to commit or to facilitate the commission of the offense.

12. Upon conviction of one or more of the offenses alleged in Counts 2 through 5 (wire fraud), and pursuant to Title 18, United States

1  Code, Sections 981(a)(1)(C) and Title 28, United States Code,
2  Section 2461(c), defendants JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL
3  QAYYUM and PETR PACAS shall, upon conviction, forfeit to the United
4  States all rights, title and interest in any and all property, real and
5  personal, which constitutes or is derived from proceeds traceable to the
6  violations.

7       13.  Upon conviction of one or more of the offenses alleged in
8  Counts 6 through 10 (electronic mail fraud), pursuant to Title 18, United
9  States Code, Section 1037(c), defendants JACOB BYCHAK, MARK MANOOGIAN,
10 MOHAMMED ABDUL QAYYUM and PETR PACAS shall, upon conviction, forfeit to
11 the United States all rights, title and interest in any and all property
12 constituting or traceable to gross proceeds obtained from such offenses,
13 and any equipment, software, or other technology used or intended to be
14 used to commit or facilitate the commission of such offenses.

15      14.  If any of the above-described forfeitable property, as a
16 result of any act or omission of defendants JACOB BYCHAK, MARK MANOOGIAN,
17 MOHAMMED ABDUL QAYYUM and PETR PACAS-

18           (1)  cannot be located upon the exercise of due diligence;

19           (2)  has been transferred or sold to, or deposited with, a
20 third person;

21           (3)  has been placed beyond the jurisdiction of the Court;

22           (4)  has been substantially diminished in value; or

23           (5)  has been commingled with other property which cannot be
24 subdivided without difficulty;

25 it is the intent of the United States, pursuant to Title 18,
26 United States Code, Section 982(b), Title 21, United States Code,
27 Section 853(p), and Title 28, United States Code, Section 2461(c) to
28 seek forfeiture of any other property of the defendants up to the amounts

1  described above as being subject to forfeiture.

2  All pursuant to Title 18, United States Code, Section 981(a)(1)(C),

3  982(a)(1), and 1037(c), and Title 28, United States Code,

4  Section 2461(c).

5       DATED:  October 31, 2018.

6                                                A TRUE BILL:

7

8                                                Foreperson

9  ADAM L. BRAVERMAN
   United States Attorney
10

11 By:

12     MELANIE K. PIERSON
       Assistant U.S. Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28