1 | ROBERT S. BREWER JR.
2 | United States Attorney
3 | MELANIE K. PIERSON
  | ROBERT CIAFFA
4 | SABRINA L. FEVE
  | Assistant U.S. Attorneys
5 | California Bar Nos. 112520/179432/226590
6 | Office of the U.S. Attorney
  | 880 Front Street, Room 6293
7 | San Diego, CA 92101
  | Tel: (619) 546-7976
8 | Fax: (619) 546-0420
9 | Email: Sabrina.Feve@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 18cr4683-GPC |
|---|---|
| Plaintiff, | CLARIFICATION ON MOTION TO MODIFY PROTECTIVE ORDER |
| v. | **[FILED UNDER SEAL]** |
| JACOB BYCHAK (1), MARK MANOOGIAN (2), MOHAMMED ABDUL QAYYUM (3), PETR PACAS (4), | |
| Defendants. | |

COMES NOW the plaintiff, United States of America, by and through its counsel, United States Attorney Robert S. Brewer Jr. and Assistant U.S. Attorneys Melanie K. Pierson, Robert Ciaffa, and Sabrina L. Fève, and hereby files its

1  Clarification on Defendants' Motion to Modify Protective Order.  This Response is
2  based on the files and records of the case.
3        DATED:  May 8, 2019

5                                            Respectfully submitted,

6                                            ROBERT S. BREWER JR.
7                                            United States Attorney

8                                            s/ *Sabrina L. Fève* _____
9                                            SABRINA L. FEVE
                                             Assistant U.S. Attorney

I.

Procedural Background

On April 30, 2019, the parties appeared before the Court for a Motion Hearing. During the hearing, the Court heard argument on defendants' pending discovery motions, including defendants' Motion to Modify Protective Order. At the close of the hearing, the Court directed the government to file further briefing regarding clarification of defendants' Motion to Modify Protective Order. In particular, the Court sought information regarding why the government believed Company A did not possess all the documents the government had independently obtained from Earth Class Mail and Yahoo!.

II

Factual Background

As described in more detail in the sealed *ex parte* declaration filed by Assistant U.S. Attorney Melanie Pierson on or about April 5, 2019, the government has obtained voluminous records from Company A. These records pertain to the netblocks identified in the Indictment filed against the four defendants in this case (hereafter, the "charged netblocks"), as well as to several broader categories of documents and records relating to distribution of commercial email sometimes referred to as "spam." During its investigation, the government also sought and obtained records directly from Earth Class Mail and Yahoo!.

FBI agents who have reviewed the records obtained from Company A have reported that Company A provided some, but far from all, of the records obtained from Earth Class Mail, very few records reflecting its use of the charged netblocks to send email, and even fewer records documenting Company A's use of the charged netblocks to send email to Yahoo! email addresses. Based on this difference between what Company A produced and what the government obtained directly from Earth Class Mail and Yahoo!, and the government's belief that Company A had made a good faith effort

to provide available documents, the government concluded that Company A no longer possessed the majority of the documents obtained from Earth Class Mail and Yahoo!.

The FBI corroborated this conclusion, in part, by interviewing a Company A employee in the presence of counsel. That employee, who was employed with Company A at all relevant times, told the FBI that, beginning in or about 2011, Company A tasked him/her and two coworkers with reviewing mail forwarded to Company A by virtual mailbox providers like Earth Class Mail. This mail included envelopes and correspondence sent by individuals seeking to unsubscribe from and/or complain about email spam. This subset of correspondence often included the senders' names, addresses, and email addresses. After reviewing the correspondence and attempting to add the senders' email address to an email blacklist, this Company A employee and his/her coworkers discarded the correspondence and did not save it. The employee indicated that s/he believed Company A no longer had records of the correspondence containing the individuals' names, addresses, and email addresses.

The government has also had prior communications with Company A's outside counsel, Sheppard Mullin, regarding records reflecting the use of the charged netblocks to send spam. Based on those communications, the government's understanding is that Company A cannot locate, or does not have, bulk records reflecting the use of the charged netblocks to send spam to Yahoo! or any other webmail provider.

DATED:   May 8, 2019               Respectfully submitted,

                                   ROBERT S. BREWER JR.
                                   United States Attorney

                                   s/*Sabrina L. Fève*
                                   SABRINA L. FEVE
                                   Assistant U.S. Attorney

*Ex Parte* Application and Order to File Under Seal

4