# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 3:18-cr-04683-GPC |
|---|---|
| Plaintiff, | **ORDER GRANTING AGREEMENT TO MODIFY PROTECTIVE ORDER; PROTECTIVE ORDER** |
| vs. | |
| JACOB BYCHAK, MARK MANOOGIAN, MOHAMMED ABDUL QAYYUM, PETR PACAS | |
| Defendants. | |

On March 6, 2019, the Court entered a Protective Order governing the release of certain discovery provided to the defense by the Government. (ECF No. 67.) Defendants moved to modify that order on March 29, 2019 (ECF No. 77). The Government filed a response in opposition on April 5, 2019, (ECF No. 80) and Defendants' Reply was filed on April 25, 2019. (ECF No. 85.) A hearing on the motion was held on April 30, 2019 and supplemental briefing was submitted by the parties. (ECF Nos. 101, 105.) In the Defendants' supplemental response, it was reported that the parties met and conferred and reached an agreement modifying the Protective Order. *Id*. at 2.

Based upon the parties' agreement and finding good cause therefore, the Court GRANTS Defendants' Motion to Modify Protective Order [ECF Ni. 77]. The

/ / /

Protective Order issued by this Court on March 6, 2019 [ECF No. 67] is hereby SUPERSEDED by the Protective Order as modified below.

Dated: June 11, 2019

Hon. Gonzalo P. Curiel
United States District Judge

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the defendants, counsel of record, and the counsel's assistants, as hereafter defined, shall not disclose the Discovery Material **produced by** the Government in the above-captioned matter **on or about March 25, 2019**, (hereinafter, "the Discovery Material"), to any third party not charged in this litigation without prior approval of this Court. The Discovery Material referred to in this Protective Order is limited to: (1) records obtained from an internet service provider, which include email addresses and non-content header information, and (2) records obtained from a mail receiving and/or forwarding agency, which include personal identifying information that include third-party names and addresses. This order shall not apply to any other discovery unless the Court issues a separate protective order.

IT IS FURTHER ORDERED that the United States Attorney, Assistant United States Attorneys, and Trial Attorneys for the Department of Justice assigned to this case (hereafter collectively referred to as "the Government") and their assistants, the defendants, counsel of record and counsel's assistants, shall not disclose the substance of the Discovery Materials, unless such material is already a matter of public record, to representatives of the media.

Nothing contained herein shall prevent the Government, or any defendant or counsel of record, from disclosing the Discovery Material to any other attorneys working for the Government, the defendants or counsel of record, government agents (federal, state or local), private investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for the Government or the defendants and counsel of record (collectively referred to as "assistants") in the investigation or preparation of this case or in other criminal investigations without prior court order. This order expressly **permits** the disclosure of the Discovery Material to **(1) Sheppard Mullin, in its capacity as outside counsel for Company A, and (2) Brittney Kondrat, Matt Hamilton, Leah Bose, Regina Pilozzi, Kelly Loi, and**

1  **Amanda Currie.  This order does not permit the disclosure of the Discovery**
2  **Material to any employee or representative of** Company A (as referenced in the
3  Indictment) not charged in the instant case **who are not referenced in this Order**.

4  Nothing contained herein shall preclude the Government, the defendants or counsel of record, or respective assistants from conducting a normal investigation of the facts of this case on behalf of the Government or said defendant, or from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by the Discovery Materials, or from taking statements from witnesses disclosed by the Discovery Materials, or from asking said witnesses if they themselves have made prior statements to the Government that are not disclosed in the Discovery Materials, and about the contents of such statements.  In connection with any such investigation, it shall not be necessary that the Government, the defendant or counsel of record, or counsel's respective assistants, obtain prior permission of this Court.

Should counsel withdraw or be disqualified from participation in this case, the Discovery Materials received and any copies derived therefrom shall be provided to new counsel and remain subject to this order.  Counsel that withdraw or otherwise cease to work on this case shall not retain originals or copies of any protected Discovery Materials.

Defense counsel and the Government shall be required to communicate the substance of this order and explain it to the client and assistants before disclosing the substance of the Discovery Materials to the client or assistants.

Dated: June 11, 2019

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge