1  LAW OFFICE OF DAVID W. WIECHERT
   David W. Wiechert, SBN 94607
2  Jessica C. Munk, SBN 238832
   27136 Paseo Espada, Suite B1123
3  San Juan Capistrano, CA 92675
   Telephone: (949) 361-2822
4  Email:  dwiechert@aol.com
              jessica@davidwiechertlaw.com
5              william@davidwiechertlaw.com

6  *Attorneys for Jacob Bychak*

7  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
   AND POPEO, P.C.
8  Randy K. Jones, SBN 141711
   3580 Carmel Mountain Road, Suite 300
9  San Diego, CA 92130
   Telephone: (858) 314-1500
10 Email:  rkjones@mintz.com

11 *Attorney for Mark Manoogian*

12
   Additional counsel on next page
13

14              UNITED STATES DISTRICT COURT

15             SOUTHERN DISTRICT OF CALIFORNIA

16

17 UNITED STATES OF AMERICA,          Case No. 18-CR-04683-GPC
                                      Hon. Gonzalo P. Curiel
18          Plaintiff,

19      v.                            **DEFENDANTS' REPLY TO
                                      GOVERNMENT'S RESPONSE TO
20 JACOB BYCHAK, MARK                 DEFENDANTS' COUNTER
   MANOOGIAN, MOHAMMED               DECLARATION AND REQUEST
21 ABDUL QAYYUM, and PETR             FOR ORAL ARGUMENT**
   PACAS,
22
            Defendants.
23

24

25

26

27

28

BIENERT | KATZMAN PC
James Riddet, SBN 39826
Thomas H. Bienert, Jr., SBN 135311
Whitney Z. Bernstein, SBN 304917
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Email:  jriddet@bienertkatzman.com
        tbienert@bienertkatzman.com
        wbernstein@bienertkatzman.com

*Attorneys for Mohammed Abdul Qayyum*

BIRD MARELLA BOXER WOLPERT NESSIM
DROOKS LINCENBERG RHOW P.C.
Gary Lincenberg, SBN 123058
Naeun Rim, SBN 263558
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone: (310) 201-2100
Email:  gsl@birdmarella.com
        nrim@birdmarella.com

*Attorneys for Petr Pacas*

Case No. 18-CR-04683-GPC

DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE DKT. NO. 122

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas ("Defendants") hereby jointly submit the following Reply to the Government's Response to Defendants' Counter Declaration and Request for Oral Argument [Dkt. No. 122] (hereinafter "Government's Response") in support of Defendants' Motion to Dismiss the CAN-SPAM Act Counts (6 through 10) of the Indictment as Void for Vagueness; (2) In the Alternative to Dismiss Counts 6 through 10 for Failure to State an Offense; and (3) To Dismiss the Conspiracy Count (Dkt. No. 69) (hereinafter referred to as the "Vagueness Motion").

1.  Contrary to the government's assertions, Defendants' decision to not request an evidentiary hearing is not because there are no facts in dispute, but rather because Defendants determined that an evidentiary hearing is not necessary or required for the Court to grant Defendants' Vagueness Motion.

2.  The government repeatedly mischaracterizes the Declaration of Marc A. Lindsey ("Lindsey Dec.") by claiming that Mr. Lindsey agrees that there was a "registry" prior to ARIN, and the registry now is ARIN's Whois database. Government Response at ¶ 4. While Defendants agree that IP addresses were *allocated* and *assigned* before ARIN's creation, those are distinct concepts from registration, which Mr. Lindsay's declaration supports. Contrary to the government's assertions, Mr. Lindsey does not avoid the word "registry," but uses the terms "assignment" and "allocation" because those are the correct terms—the National Science Foundation ("NSF") and Network Solutions Inc. ("NSI") *allocated* and *assigned* IP addresses and in December 1997 transferred those responsibilities to ARIN, but did not *register* them. *See* Exhibit 1 attached to Government's Opposition to Vagueness Motion (Dkt. No. 75-1). Before the creation of ARIN in 1997, NSF and NSI did not have a formal registry because they did not require anyone to sign binding contractual *registration agreements* in order to receive IP address space, which is the process now mandated by ARIN. *See* Lindsey Dec. at ¶

7 (Dkt. No. 116-1); Declaration of John Curran ("Curran Dec.") at ¶ 11 (Dkt. No. 107-1) (stating to receive IP address assignment and registration rights, an organization must (1) submit a request, (2) show "need" and (3) enter into a registration services agreement ("ARIN RSA").

3.  Furthermore, the government conveniently ignores that Mr. Lindsey specifically states, the fact that the legacy IP addresses are listed in the ARIN database does not make them *registrants* of ARIN. Lindsey Dec. at ¶ 3. Mr. Lindsey further states that "[u]nless and until a legacy address holder enters into an LRSA or RSA with ARIN or another RIR, legacy address space and legacy address holders are … '***outside the current hierarchical internet registry system***.'" Lindsey Dec. at ¶ 18 (citation omitted) (emphasis added). Mr. Lindsey further explained that "[i]n an effort to bring legacy address holders into the hierarchical internet registry system, ARIN launched its legacy address registration services agreement program" ("LRSA"), and by entering into an LRSA a legacy address holder is bound by ARIN's registry policies and control. *Id.* at ¶ 19. However, legacy address holders that do not enter into ARIN's LRSA or RSA "***remain[] outside the RIR system***[,]" "retain the pre-ARIN rights" to their address space, and are not bound by ARIN's policies and control. *Id.* at ¶¶ 25-26 (emphasis added). Thus, the government's claim that legacy IP addresses and their holders who have not entered into registration service agreements through either an LRSA or an RSA are "registrants" with ARIN is incorrect.

4. In fact, ARIN agrees that to receive the "exclusive right to be the registrant" of an IP address, the holder of that IP address must enter into ARIN's RSA/LRSA. *See* Lindsey Dec. at ¶ 23 (quoting Section 2(b) of Exhibit 1, ARIN's current RSA/LRSA, which grants a holder who enters into an RSA/LRSA "the exclusive right to be the registrant").

5.  Finally, contrary to Mr. Curran's claim that all who are listed in ARIN's database are afforded the same registration benefits, Mr. Lindsey summarizes the various ARIN registration benefits that are *denied* to legacy address holders who have not entered into a formal registration agreement, including the fact that they are not formally considered members of ARIN, are denied important rights to update and maintain the accuracy of their ARIN Whois database records, and are not considered by ARIN to have the exclusive right to an accurate entry in the ARIN database. Lindsey Dec. at ¶ 27. Thus, as Mr. Lindsey concludes, "[A]n entity listed as an early recipient of legacy address space in ARIN's Whois database should not qualify as a registrant merely because its name appears in the ARIN's Whois database unless and until (i) the entity has assented to be registered with ARIN by entering into an LRSA or RSA, and (ii) the accuracy of the listing has been validated." *Id.* at ¶ 28.

6. The term "registrant" is not defined by the CAN-SPAM Act. It is undisputed that the holders of the legacy IP netblocks had no formal RSA or LRSA with ARIN prior to the CAN-SPAM allegations in counts 6 through 10. Given Mr. Lindsey's expert opinion that legacy IP addresses and their holders remain outside the RIR system and are not ARIN *registrants* until they enter into an LRSA or RSA, the legacy IP netblocks listed in counts 6 through 10 of the indictment were not registered, and there is no "registrant" within the meaning of subsection (a)(5) of the CAN-SPAM Act, 18 U.S.C. § 1037. At the very least, Defendants have shown that the term "registrant" is ambiguous, and under the rule of lenity, the ambiguity should be construed against the government. *See United States v. Millis*, 621 F.3d, 914, 916-17 (9th Cir. 2010).

Respectfully submitted,

Dated: September 4, 2019                LAW OFFICE OF DAVID W. WIECHERT

1

2                                                    _s/ Jessica C. Munk_
3                                                    Jessica C. Munk
                                                     David W. Wiechert
4                                                    Attorneys for Jacob Bychak

5
      Dated: September 4, 2019                       MINTZ, LEVIN, COHN, FERRIS,
6                                                    GLOVSKY AND POPEO, P.C

7
8                                                    _s/Randy K. Jones_
                                                     Randy K. Jones
9                                                    Attorney for Mark Manoogian

10
11    Dated: September 4, 2019                       BIENERT | KATZMAN PC

12
13                                                   _s/Whitney Z. Bernstein_
                                                     Whitney Z. Bernstein
14                                                   Thomas H. Bienert, Jr.
                                                     James Riddet
15                                                   Attorneys for Mohammed Abdul Qayuum

16
      Dated: September 4, 2019                       BIRD MARELLA BOXER WOLPERT
17                                                   NESSIM DROOKS LINCENBERG RHOW
                                                     P.C.
18

19
                                                     _s/ Naeun Rim_
20                                                   Naeun Rim
21                                                   Gary Lincenberg
                                                     Attorneys for Petr Pacas
22

23

24

25

26

27

28
                                              7                    Case No. 18-cr-04683-GPC

1
2

# CERTIFICATE OF AUTHORIZATION TO SIGN
## ELECTRONIC SIGNATURE

3
4
5
6
7

     Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendants and that I have obtained authorization from Randy K. Jones, Whitney Z. Bernstein, and Naeun Rim to affix their electronic signatures to this document.

8
9

                                Respectfully submitted,

10
11

Dated: September 4, 2019           LAW OFFICE OF DAVID W. WIECHERT

12
13
14

                                  *s/ Jessica C. Munk*
                                  Jessica C. Munk
                                  David W. Wiechert
                                  Attorneys for Jacob Bychak

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **CERTIFICATE OF SERVICE**

2

3

        Counsel for Defendants certify that the foregoing pleading has been electronically

served on the following parties by virtue of their registration with the CM/ECF system:

4

5

6

Sabrina L. Feve

Assistant U.S. Attorney

sabrina.feve@usdoj.gov

7

8

9

Melanie K. Pierson

Assistance U.S. Attorney

melanie.pierson@usdoj.gov

10

11

12

13

Robert Ciaffa

Assistant U.S. Attorney

robert.ciaffa@usdoj.gov

14

15

16

17

18

Respectfully submitted,

19

20

Dated: September 4, 2019          LAW OFFICE OF DAVID W. WIECHERT

21

22

_s/ Jessica C. Munk_

Jessica C. Munk

David W. Wiechert

Attorneys for Jacob Bychak

23

24

25

26

27

28