# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18cr04683-GPC |
|---|---|
| Plaintiff, | **ORDER AUTHORIZING DISCLOSURE OF DISCOVERY MATERIALS AND PROTECTIVE ORDER** |
| vs. | |
| JACOB BYCHAK (1), MARK MANOOGIAN (2), MOHAMMED ABDUL QAYYUM (3), PETR PACAS (4), | **Honorable Gonzalo P. Curiel** |
| Defendants. | |

## ORDER

Having reviewed the Government's Unopposed Motion for Authorization to Disclose Discovery Materials and Proposed Protective Order, and having found good cause, the Court GRANTS the Government's Unopposed Motion and adopts the parties' Stipulated Protective Order.

It is hereby ORDERED that:

1. Any Material identified to the government by Amobee as containing confidential, trade secret, or proprietary information shall be marked by the government on the first page with the legend "RESTRICTED" at the time the documents are made available for examination and when copies are produced to

defendants. Any Material that is produced on electronic format may be designated Restricted by marking the medium (thumb drive, hard drive, DVD, etc.) "RESTRICTED" or, where this is impracticable, by written notice accompanying the production. Material will not be designated Restricted if it has previously been made public.

    2.    Inadvertent failure to designate Material as Restricted may be remedied by supplemental written notice and may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to defendants.

    3.    If defendants contest the government's designation of any Material as Restricted, defendants may seek review of the designation by the Court.

    4.    Restricted Material shall not be used or disclosed in connection with any action or for any purpose, except that, **solely for the purpose of this litigation**, Restricted Material may be disclosed to and reviewed by only the following persons:

    (a)    Defendants;

    (b)    Defendants' attorneys, including their associated attorneys, private investigators, and secretarial, paralegal, clerical and other employees, as well as the United States Attorney's Office for the Southern District of California and secretarial, paralegal, clerical and other employees and any law enforcement agents assigned to this case;

    (c)    The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition or appeal related to the above-captioned matter;

    (d)    Directors, officers or employees of Amobee, as well as Amobee's counsel;

    (e)    Experts and trial witnesses in this action, as well as anyone working with or for such experts.

5.	With respect to persons covered under subsection (d), disclosure may be made only after written notice to Amobee's counsel. With respect to persons covered under subsection (e), disclosure of Restricted Material may be made only after such persons execute the Memorandum of Understanding attached to the Protective Order. Defendants must either serve the executed Memorandum of Understanding on the government or file the executed Memorandum of Understanding with the Court, within seven (7) calendar days of the disclosure.

6.	Without written permission from Amobee or a court order, a party (the government or any of the defendants) may not file any Restricted Material in the public record in this action. The parties agree to seek permission of the court to file any Restricted Material relevant to any hearing before the court under seal.

7.	When not in use, Restricted Material shall be kept in a locked area inaccessible to persons who are not authorized access under this Stipulation and the Protective Order.

8.	If another court or an administrative agency subpoenas or orders production of any Restricted Material, the parties (the government and defendants) will make reasonable efforts to protect the Restricted Material, including promptly notifying Amobee and cooperating with Amobee in seeking a protective order.

9.	Not later than sixty (60) days after the conclusion of this action including, without limitation, any appeals or the expiration of any time for appeal, counsel for defendants shall collect and return to the government all Restricted Material (including all copies, extracts, abstracts, charts and summaries thereof).

10.	This Stipulation and the Protective Order do not apply to the use of Restricted Material during a court hearing or trial.

11.	Except as provided in paragraph 10, the provisions of this Stipulation and the Protective Order shall, absent further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals. The final resolution of this case shall not relieve any person

who has received Restricted Material from the obligations imposed by this Stipulation and the Protective Order, and the Court shall retain jurisdiction after such final determination or settlement for the limited purpose of enforcing the provisions of this Stipulation and the Protective Order

Dated: July 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge