ROBERT S. BREWER, JR.
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
ASHLEY E. GOFF
Assistant U.S. Attorney
California Bar Nos.: 112520/226590/299737
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email: Melanie.Pierson@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 18cr4683-GPC |
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTIONS IN LIMINE TO:** |
| JACOB BYCHAK (1), | 1. **SET REASONABLE TIME LIMITS** |
| MARK MANOOGIAN (2), | 2. **PRECLUDE SPEAKING OBJECTIONS** |
| ABDUL MOHAMMED QAYYUM (3), | |
| PETR PACAS (4), | |
| Defendants. | |

Due to the number of defendants and counsel participating in this case and in view of the lengthy pre-trial litigation in this case, the United States requests that the court issue an order setting reasonable time limits for the parties to present their case and precluding speaking objections, in order to streamline the presentations at trial.

DATED: January 26, 2021                Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

/s/Melanie K. Pierson
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. THE COURT SHOULD ESTABLISH REASONABLE TIME LIMITS FOR TRIAL

### 1. *Introduction*

While the typical criminal case in this District does not require time limits on the presentation of evidence, this is no ordinary case. The Court is well aware of this case's complexity and the robust defense coordinated across four separate defense teams and multiple motions to dismiss. To satisfy its evidentiary burden, which will include factfinding on the nature of IP addresses as well as the defendants' alleged theft and misuse of these technological assets, the Government anticipates calling approximately 30 witnesses in its case-in-chief and has marked approximately 300 exhibits to date. The Government currently estimates that its case-in-chief will last approximately 2-3 weeks. The actual length will depend in part on the time consumed by cross-examination of each witness by some of the eight separate defense counsel who have entered appearances in this case. Defendants have also suggested that they will present a case through percipient and expert witnesses. This defense case likely will require the Government to present a rebuttal case. Therefore, particular circumstances of this case present a significant risk that a trial without appropriate limits will devour far more time than necessary for each party to fairly and effectively present its case to the jury.

### 2. *The Court Has the Authority to Establish Reasonable Time Limits.*

"Trial courts have broad authority to impose reasonable time limits" during trials. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). This authority derives from "the inherent power of a district court to manage cases before it in a just and efficient manner." *United States v. Cousar*, 2007 WL 4456798, *1 (W.D. Pa. Dec. 16, 2007) (imposing time limits on both parties in criminal fraud trial). *See also* F. R. Evid. 611(a) ("The court shall exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."); Fed. R. Evid. 403 ("The court may exclude relevant evidence

if its probative value is substantially outweighed by the danger of. . .undue delay, wasting time, or needlessly presenting cumulative evidence."). "In criminal cases, time limits, while permissible (and even encouraged), are not meant to be enforced inflexibly." *United States v. Ackerly*, 2018 WL 443449 (D. Massachusetts).  While rigid time limits are disfavored, it is not an abuse of discretion for the court to enforce time limits. *General Signal Corp v. MCI*, 66 F. 3d 1500,1509 (9th Cir.1995).  Similarly, it is not a violation of due process to limit a defendant's testimony where further testimony would be cumulative. *United States v. Scott*, 789 F. 2d 795, 799 (9th Cir.1986); *United States v. Hay*, 122 F. 3d 1233, 1237 (9th Cir.1997); *United States v. Tilley*, 326 Fed. Appx. 96 (3rd Cir.2009).

The Supreme Court has recognized the vital role of district courts in securing the orderly and efficient administration of justice in criminal trials:

> Our cases have consistently recognized the important role the trial judge plays in the federal system of criminal justice. The judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. A criminal trial does not unfold like a play with actors following a script; there is no scenario and can be none. The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. To this end, [the trial judge] may determine generally the order in which parties will adduce proof; [the judge's] determinations will be reviewed only for abuse of discretion. Within limits, the judge may control the scope of rebuttal testimony; may refuse to allow cumulative, repetitive, or irrelevant testimony; and may control the scope of examination of witnesses. If truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings.

*Geders v. United States*, 425 U.S. 80, 86-87 (1976) (internal citations and quotations omitted).

District courts repeatedly have relied on the Federal Rules of Evidence and these established principles as providing authority to impose reasonable time limits in criminal trials. *See, e.g.*, *United States v. Cousar*, 2007 WL 4456798 at *5 (W.D. Penn. Dec. 16, 2007) (in multi-defendant fraud case, district court provided United States with "40 hours of trial time" and each defendant with "12 hours of trial time"). To be sure, the setting of

reasonable time limits may not be done in arbitrary fashion. Rather, the district court should engage in "an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *United States v. Hildebrand*, 928 F. Supp. 841, 848 (N.D. Iowa 1996) (citation omitted).

The *Hildebrand* court adhered to the following guidelines:

> [T]he court finds the following general principles should guide the court in fashioning appropriate limitations for the sake of comprehensibility, economy, and fairness: (1) the court must impose no restriction that causes the information presented to become incomprehensible; and (2) no restriction or limitation should be imposed arbitrarily. In aid of these principles, the court will be guided by these general rules: (1) limitations must only be imposed when necessary to the just and efficient presentation of evidence, or, to put it another way, "if it isn't broken, don't fix it," which means leave areas that do not appear to be a problem well enough alone; (2) limitations should be made on the basis of an informed analysis, including review of proposed witness lists and proffered testimony, exhibits, or estimates of trial time; (3) no limitation may be imposed without balancing probative value against issues of delay, confusion, or waste of time pursuant to Fed. R. Evid. 403 and 611; (4) the parties should be allowed to decide how best to use whatever allotment is given them; (5) any pre-trial limitations must be flexibly administered during trial to prevent any sacrifice of justice to efficiency; (6) changes in allotments, either admitting additional evidence or testimony or precluding more evidence or testimony than anticipated, must only be made with notice and upon a determination of need.

Id. at 848-49; *see also United States v. Reaves*, 636 F. Supp. 1575 (E. D. Ky. 1986) ("This court holds that it has the power to impose reasonable time limits on the trial of both civil and criminal cases in the exercise of its reasonable discretion. Of course, the court must analyze each case carefully to assure that the time limits set are not arbitrary.").

There is precedent in this District for imposition of reasonable time limits in criminal trials. In *United States v. San Diego Gas & Electric*, 06-CR-0065-DMS, four defendants (an entity and three individuals) were charged with various felony violations arising from allegedly improper asbestos removal. After providing the parties with an opportunity to be heard on the issue, Judge Sabraw limited each side (the prosecution and the *collective* defendants) to 40 hours of testimony. The 40 hours included all argument by counsel, as

well as examination of witnesses. Judge Sabraw further directed the defense to designate one lead counsel for cross examination of each Government witness, while permitting brief cross examination by other counsel with respect to their individual client. During trial, the court staff maintained a running total of the time used by each side and informed counsel at the conclusion of each trial day how much time they had used so that counsel could plan accordingly.

This Court's Chamber's Rules already enact a series of trial parameters that "strive[] to use the jurors' time efficiently" by, for example, limiting side bars and mandating that only a single lawyer per party may conduct the examination of a witness. Hon. Gonzalo P. Curiel, Criminal Pretrial & Trial Procedures, *available at* https://www.casd.uscourts.gov/Judges/curiel/docs/Curiel%20Criminal%20Procedures.pdf (last accessed Jan. 25, 2021). The Government submits that, given the specific circumstances of this case, the Court should consider reasonable time limits similar to those imposed by Judge Sabraw in the *San Diego Gas & Electric* case, including designating a single lawyer as lead counsel for cross-examination of each government witness. Such limits will further "the goal of preserving the court's resources . . . while the traditional autonomy of counsel to present their case, subject to the exigencies of that goal, is preserved. Properly streamlined, the case is more effective for the ascertainment of the truth, as mandated by Fed. R. Evid. 611(a)." *Reaves*, 636 F. Supp. at 1580.

B. SPEAKING OBJECTIONS AT TRIAL SHOULD BE PRECLUDED

Trial in this case will involve a large number of witnesses, each of whom likely will be examined by multiple lawyers. There doubtless will be objections raised by both sides to questions asked of witnesses. It is entirely proper for counsel to raise appropriate objections. It is improper, however, for any counsel – whether government or defense – to make speaking objections that describe the basis for the objection beyond informing the Court of the particular rule of evidence at issue. *Mazzeo v. Gibbons*, 2010 WL 3020021 (D. Nev. July 27, 2010).

The Court is capable of determining the admissibility of evidence without a prolonged explanation from counsel. A simple: "Objection, relevance" or "Objection, foundation" will suffice. Should there be a compelling reason to further explain the objection, Counsel should ask the Court for a sidebar conference. In no event should the objection be used to coach a witness or influence the jury's consideration of the evidence. An order precluding speaking objections will have the added benefit of streamlining the trial.

In *United States v. Wittig*, 2005 WL 758606 (D. Kan. Apr. 4, 2005), the district court issued a detailed order regarding the conduct of counsel during trial, including speaking objections: Common evidentiary objections should be raised from the floor, except in extraordinary circumstances. These common objections include: hearsay, foundation, leading, exceeds scope, argumentative, repetitive, Rule 609, and Rule 404(b). Counsel are ordered to raise objections by either stating the rule number or rule title. Counsel are ordered not to raise speaking objections, nor to make arguments from the floor. Thus, if counsel wish to object that a document is hearsay, they shall object by stating, "Objection. Hearsay." Or, they shall object by stating. "Objection. Rule 801." The objecting counsel shall state nothing else. The counsel against whom the objection is lodged shall state by rule number or title their response to the objection, if counsel wishes to respond. If counsel chooses to respond to "Objection. Hearsay," an appropriate response would be, for example, "business record," or "Rule 803." Counsel shall state no other response or argument from the floor. Argument or speaking objections in the presence of the jury will violate this order. Unless the Court believes that argument would be helpful and requests a sidebar, there will be no sidebars on these on these common evidentiary objections. Once the Court has ruled on a definitive evidentiary issue, the parties should not continue to raise that issue repeatedly. Instead, the Court will consider their objection a continuing objection. *Id.* at *18-19. The Government respectfully submits that an order along similar to that

imposed in *Wittig* is appropriate in this case to preclude speaking objections and to allow trial to proceed in an orderly and efficient manner.

DATED: January 26, 2021

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

/s/Melanie K. Pierson
Assistant United States Attorney