RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California Bar No.: 112520
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>ABDUL MOHAMMED QAYYUM (3), and<br>PETR PACAS (4),<br><br>Defendants. | Case No.: 18cr4683-GPC<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE OF THE TRIAL DATE** |

## I.
## INTRODUCTION

The United States objects to any continuance of the trial date. In January 2021, this Court set trial for November 30, 2021. At that time, defense counsel did not have a conflicting trial date in Arizona, and this Court informed defense counsel that it would not delay trial in this now three-year-old case for the potential of a trial date in the District of Arizona. Defense counsel now seeks a continuance based solely on a scheduling conflict it created ***after*** this Court set the *Bychak* November 30, 2021 trial date. Defense counsel filed multiple documents in the District of Arizona requesting a trial date in the Arizona case. In those filings, defense counsel did not alert the District of Arizona Court about the *Bychak* November 30, 2021 trial date. In fact, defense counsel opposed the government's request in the District of Arizona for an earlier trial date that could have avoided this conflict—

citing counsel's prepaid vacation—and requested a week-long recess in the Arizona trial (exacerbating any potential conflict) to accommodate counsel's wedding. Even after creating this alleged conflict, defense counsel waited *four months* before filing the instant motion to alert this Court and, in that time, appeared to have allowed multiple additional trials to be set leading them to seek an even longer delay than originally requested. In sum, defense counsel chose not to inform the District of Arizona of the *Bychak* November 30, 2021 trial date in their briefing, allowed a conflicting date to be set, at least in part, to accommodate personal commitments of defense counsel in that case, and then waited four months to tell anyone involved in this case.

This Court, the government, and the witnesses should not be prejudiced by defense counsel's choices in setting a trial date in Arizona. The government will suffer great prejudice from a continuance, as several of the victim witnesses have health issues that may cause their testimony to be lost, and considerable resources have been expended serving subpoenas on 25 witnesses. Those witnesses have begun making arrangements during the holiday season to appear before this Court to present testimony. Likewise, the public's (and defendants') right to a Speedy Trial should not be prejudiced by counsel's choice to disregard the trial date in this case when advocating for conflicting dates in another district.

Finally, whether an actual conflict exists is unclear. Government counsel in Arizona has advised that it anticipates trial to conclude before November 30, 2021. Even if that trial concludes as scheduled on December 3, 2021, the present trial should be continued for no more than a week to accommodate a conflict that defense counsel created.

## II.
## STATEMENT OF RELEVANT FACTS

A.  Procedural Posture

On October 31, 2018, a federal grand jury in San Diego returned an indictment against the defendants, charging them with Conspiracy, in violation of Title 18, United States Code, Section 371; five counts of Electronic Mail Fraud (the "CAN-SPAM Act"),

in violation of Title 18, United States Code, Section 1037(a)(5); and four counts of Wire Fraud, in violation of Title 18, United States Code, Section 1343. All four defendants were arraigned in November 2018 and current lead counsel for each defendant made their appearances that same month.[1]

The original motion hearing in this case was set for December 7, 2018. After a continuance to review discovery, a designation of the case as complex, and multiple rounds of substantive briefing, this Court held a final hearing on remaining substantive motions two years later—on December 17, 2020. At that hearing, the motions were taken under submission, and the court set a telephonic status hearing for January 21, 2021 and asked the parties to meet and confer regarding a trial date.

B.   On January 21, 2021, This Court Set a November 30, 2021 Trial Date

On January 21, 2021, the Court held a status hearing to discuss, among other things, a trial date. After the parties were unable to reach agreement on a trial date, defense counsel asked the court to set a trial date in May of 2022, while the government requested a date in the fall of 2021. Defense counsel represented to the court that he and counsel for another defendant were participating in a criminal case in Arizona involving six defendants that was set for trial in April but "it looks like it is going to get kicked." [Trans. Hrg., January 21, 2021, p. 5.] Defense counsel further stated that "the date that was agreed upon by the parties if the court grants the motion – it has not yet been granted – is for it to begin in September, and then it would then last for about three months." *Id*. p.7.[2] During the status hearing, counsel for other defendants noted various other trial commitments, but none that conflicted with dates in the fall of 2021. In asking for the May 2022 trial date, defense counsel informed the Court that they would avoid future conflicts by informing other courts of this Court's date after it was set: "when other judges say 'I have to kick your case,' we

---

[1] Earlier this month, Ms. Rim withdrew as counsel, and Ms. Van Dyk and Mr. Patrick entered appearances on behalf of Defendant Pacas. However, Gary Lincenberg has remained lead counsel for Mr. Pacas since November 2018.

[2] Government counsel in the Arizona case opposed the Arizona defendants' request to continue the April 2021 trial to September 2021, instead recommending an August 2021 trial date.

can tell the judge, 'No, May of 2022 doesn't work. We have a trial before Judge Curiel'." *Id*. at p.6.

After hearing the arguments of the parties, the court stated, "at this point, as a starting point, we have to look at what has been scheduled. So, to the extent that something has been scheduled, I am not going to put a burden on counsel and double set. But to the extent what we are talking about is the possibility of scheduling trials nine, ten months from now, it doesn't seem logical, rational, to operate in that manner. At this point, I would be ready to set this case for trial in October so we can get this out of the way." *Id*. at p. 12.

Another defense counsel then addressed the court, asking how they should respond to the court in Arizona if the case were set for trial in September, as the Arizona defendants had requested. The court asked when the motion to continue was filed, and counsel replied, "I think the filing date was – it was in January. It was within the last several weeks." *Id*. at p. 13. (The docket in Arizona indicates that the Arizona motion for continuance was filed just two days before the instant status hearing.) The court inquired about the details of the Arizona trial, and then asked, "[T]o the extent that it was granted and it would start in September, it is expected it would finish by December?" Defense counsel responded, "Yes." *Id*. at p. 14. After further discussion, the court stated, "At this juncture, given that this motion to continue has been pending for two weeks, and there's been no action on the motion, I am prepared to set the matter in October." *Id*. at p. 16. After further objection by defense counsel, the court set the trial date for November 30, 2021. *Id*. at p. 17.

C.   Defense Counsel Did Not Disclose *Bychak's* Trial Date to the Arizona Court

Two days before this Court set the current trial date, defense counsel filed a motion to continue their trial date in Arizona to September 2021. The motion was based on COVID-related concerns but also upon the fact that a writ of mandamus in the case was pending before the Ninth Circuit which might affect decisions regarding pending motions. *See United States v. Lacey et al*, 18cr422-SMB, ECF 1113. This Court then set a November 30, 2021 trial date in the instant case. *See supra*.

*After* this Court set its trial date, defense counsel in Arizona submitted multiple additional filings to the United States District Judge in Arizona, Judge Brnovich, to continue the Arizona trial to September 2021. In the government's opposition to continuing the Arizona trial, they rejected a September trial date and argued for a trial date no later than mid-August. None of defense counsel's filings in the Arizona case ever mentioned the *Bychak* November 30, 2021 trial date, much less attempted to avoid creating this conflict. For example, four days after this Court set its trial date, defense counsel filed a supplemental motion for a continuance in Arizona, renewing defense counsel's request for a September 2021 trial date and failing to mention the existence of the *Bychak* trial. *Id.* at ECF 1116. When defense counsel subsequently filed its reply brief in support of its motion for a September 2021 Arizona trial date, defense counsel again failed to advise Judge Brnovich of the *Bychak* trial date. *Id.* at ECF 1120. In their reply brief, Arizona defense counsel opposed the government's request for an earlier trial date, citing multiple reasons that included one member of the defense team having a prepaid vacation that they would be "forced to cancel . . . [and] lose money" if the trial started earlier. *Id.* at ECF 1120 at 1. Defense counsel also informed Judge Brnovich that they would need a one-week recess of the Arizona prosecution to allow another counsel to get married. *Id.* Defense counsel in this case personally co-signed both the supplemental request for a continuance and the supporting reply brief, but ignored and omitted the existence of the *Bychak* trial date and the need to accommodate it despite contending that the Arizona continuance was necessary based on "careful consideration of counsels' calendar[s]." *Id.* Judge Brnovich then held oral arguments on defense counsel's motion to continue the April trial date, at which point defense counsel (or designated co-counsel appearing for them) was in a position to convey the *Bychak* trial date that this Court had already set and request an accommodation.[3]

On February 12, 2021, Judge Brnovich scheduled trial in the District of Arizona for August 23, 2021. There are not any motions on the Arizona docket indicating that defense

---

[3] Government counsel in Arizona could not recall whether defense counsel verbally advised the court at this hearing of the current conflict.

counsel has sought to move or adjust that trial date to accommodate the *Bychak* November 30, 2021 trial date.

Four months after Judge Brnovich set that trial date, defense counsel filed the instant motion arguing that the Arizona trial date created an unworkable (although not unavoidable) conflict with this Court's trial date.

On June 4, 2021, government counsel in this case contacted government counsel in the Arizona case. Arizona counsel advised that the trial calendar allows for the case to conclude on December 3, 2021, and it was their belief that the case will finish before November 30, 2021.

## III.

## A CONTINUANCE WOULD SEVERELY PREJUDICE THE UNITED STATES

The Supreme Court has stated:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon the expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel.

*Morris v. Slappy*, 461 U.S. 1,11 (1983). In *Slappy*, the Court stated that a defendant is "not entitled to a particular lawyer with whom he can have, in his view, a 'meaningful attorney-client relationship.'" *Id*. at 3-4. The Supreme Court noted more recently "the right to be represented by counsel of choice can be limited by mundane case-management considerations. If a trial judge schedules a trial to begin on a particular date and defendant's counsel of choice is already committed for other trials until sometime thereafter, the trial judge has discretion under appropriate circumstances to refuse to postpone the trial date and thereby, in effect, to force the defendant to forgo counsel of choice," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 155 (2006) (citing *Slappy* and *United States v. Hughey*, 147F.3d 423, 428–431 (5th Cir. 1998)).

In the Ninth Circuit, denials of motions for a continuance are reviewed for abuse of discretion. *United States v. Garrett,* 179 F.3d 1143, 1144–45 (9th Cir.1999). Where a denial of a continuance implicates a defendant's Sixth Amendment right to counsel, the Ninth Circuit requires the court to consider the following factors: "(1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant." *United States v Turner*, 897 F. 3d 1084, 1102 (9th Cir. 2018). On balance, these factors weigh in favor of denying the request for a continuance of the trial date.

The first factor, whether the continuance would inconvenience witness, the court, counsel, or the parties, weighs heavily in favor of denying the motion for a continuance. The United States has expended considerable resources serving subpoenas on 25 witnesses located all over the country, and those witnesses have begun making plans during the holiday season to appear at the currently scheduled trial date. In the process of contacting the witnesses to serve the subpoenas, the government learned that one of its original victim witnesses is deceased. Another victim witness has developed a medical condition that may make it difficult if not impossible for her to travel to testify at trial, while yet another victim witness has stated that medical reasons will prohibit him as well from travelling to testify. The United States is preparing a motion to conduct a Rule 15 deposition of these witnesses to preserve their testimony.

The victim witnesses were allocated the netblocks at issue approximately 30 years ago, so none of those initially involved are young people. Moreover, the conspiracy in this is alleged to have begun at least as early as December of 2010. The longer it takes to bring this case to trial, the higher the risk of witnesses becoming unavailable, either by death, illness, or memory issues, thereby making it more difficult for the government to prove its case. Logistical concerns and witness memory loss are important factors in deciding whether or not to grant a continuance. In *United States v. Cerna*, in denying the motion for a continuance, the court found that the "minimal benefit that would inure to counsel [as a

result of the continuance] is significantly outweighed by logistical considerations and…substantive concerns such as witness memory loss." 2011 WL 500229 at *2 (N.D. Cal.). The greater the delay, the more the prejudice to the United States increases.

This court will also be inconvenienced by any continuance of the trial date, as the ability to hold jury trials, particularly lengthy trials such as this one, has been curtailed due to the pandemic. There are likely few openings in the court's calendar for trials of this length, perhaps necessitating a trial date even further into the future (and causing even greater prejudice to the United States). The current trial date was also strategically set to allow the case to conclude in advance of the December holiday season; even a short delay in trial could result in significant issues getting through all of the evidence before a juror's need to break for the holiday season. Similarly, government counsel has set aside the time to prepare and try this case in the fall of 2021 and has noted their unavailability for other courts and cases during this period. Indeed, government counsel has been preparing for this case and the Court has been reserving these dates during the four-month period that defense counsel waited to raise this conflict.

The second factor, whether other continuances have been granted, is relatively neutral. The defense has requested two previous continuances of the case, which were granted, but those continuances were joined or not opposed by the government. No prior continuance of the trial date has been sought.

The third factor, whether legitimate reasons exist for the delay, weighs in favor of denying the continuance. No new facts are present, other than the fact that a trial date has been set in Arizona. The purpose of the continuance is to permit defense counsel to appear in a trial in Arizona, for a trial scheduled *after* the trial date was set in this case, and then also prepare and appear at the trial in this case. The Arizona trial date does not provide a basis for a continuance. At the trial setting date in this case, in January of 2021, there was a lengthy discussion with counsel about the potential trial in Arizona. No trial date had been set, and there was no indication the Court in Arizona would set defense's requested

September date (which it did not). Taking all these factors into consideration, the court set the trial date for November 30, 2021.

At this Court's trial setting hearing, defense counsel assured the Court once it set a trial date, "when other judges say 'I have to kick your case,' we can tell the judge, 'No. . . We have a trial before Judge Curiel.'" [Trans. Hrg., Jan. 21, 2021, p.6] Defense counsel failed to abide by their promise to this Court, despite having many opportunities to do so. Instead, as it appears from the multiple filings in Arizona, defense counsel knowingly and intentionally failed to respect this Court's trial setting, and failed to disclose to Judge Brnovich the very real conflict. Instead, they opposed the government's request for an August trial date in order to avoid, in part, having one defense attorney cancel a prepaid vacation. *See Lacey*, ECF 1120 at 1. They also did not express a need to expeditiously try the Arizona case to ensure its completion before this Court's set trial date, but rather asked Judge Brnovich for a one-week recess to allow another defense attorney to get married. *Id.* Again, in the midst of seeking delays in the Arizona trial for personal commitments, there is no indication that during the last twenty-one weeks, counsel notified Judge Brnovich in writing of the *Bychak* November 30, 2021 trial date. Compounding their choice to allow a conflicting date to be set, defense counsel then waited almost four months before informing the government and Court in this case. This Court's earlier trial date should take precedence.

Additionally, it does not appear that any actual conflict exists in the trial dates. In fact, this Court expressly asked defense counsel at the trial setting hearing whether the Arizona trial would conclude by December if that court moved trial to start in September 2021. [Trans. Hrg., 1/21/2021 at p.14 ("[T]o the extent that it was granted and it would start in September, it is expected it would finish by December?" "Yes.")] Defense counsel confirmed it would. This Court then set trial for November 30, instead of October as originally desired, as an additional layer of protection. Judge Brnovich then set the trial date in Arizona earlier that anticipated, in August, providing further assurances that the Arizona trial will conclude prior to this court's trial date. Government counsel also

contacted the prosecutors in the Arizona case, and the Arizona prosecutors advised that although the court had blocked out time for their trial from August 23-December 3, 2021, the Arizona trial would likely conclude prior to this case's November 30, 2021 trial date.[4]

Additionally, the defendants in the Arizona case, like the defendants in this case, are represented by multiple defense attorneys, in addition to the attorneys involved in the instant case. In this case, defendant Petr Pacas (represented by Gary Lincenberg, who also represents defendant Brunst in the Arizona case) is also represented in this case by Nicole Van Dyk and Darren Patrick. Whitney Bernstein and David Wiechert represent defendant Bychak, and also represent defendant Larkin in the Arizona case. According to the docket in the Arizona case, defendant Larkin is also currently represented by attorneys Seetha Ramachandran, Robert Corn-Revere and James Grant. According to the docket in the Arizona case, defendant Brunst is also represented by attorneys Ariel Nueman, Gopi Panchapakesan, James Grant, Michael Kimerer, and Rhonda Neff. Given the ample amount of time still available for preparation, the number of skilled attorneys available to the defendants, the fact that this trial date was set first, and the likelihood that that Arizona trial will conclude before this trial begins, the reason for the delay (the pending case in Arizona) weighs against granting the continuance.

The fourth factor, whether the delay is the defendant's fault, weighs in favor of granting the continuance. No action of any of the individual defendants (other than simply their choice of attorneys) is the cause of the delay currently sought due to the pendency of the trial in Arizona. However, defense counsel waited four months after becoming aware of the conflict to seek a continuance. In the interim, defense counsel set other trials on their schedules, exacerbating the continuance they now seek (from their initial request for a May 2022 trial date to the present request for September 2022). Defense counsel provides no explanation for why they advocated for a conflicting trial date in the District of Arizona in

---

[4] They also confirmed that their trial includes a two-week break from November 1-12 for the wedding of one of the defense counsel, and a break for Thanksgiving from November 24-26.

the first instance and failed to raise the conflict with this Court immediately in the second instance.

The final factor, whether the denial of the continuance would prejudice the defendants, weighs in favor of denying the continuance. It is difficult to measure the prejudice to the defendants prior to trial. However, at this point the trial is five months away, and defense counsel has been reviewing the discovery in preparation for trial since 2018. There are very few aspects of this case that have not been thoroughly litigated at this point. It is unlikely that the Arizona trial and this case will overlap, and the defendants have retained multiple skilled trial attorneys who have ample time to prepare for this case. Accordingly, any prejudice to the defendants would be slight.

IV.

DEFENDANTS DO NOT ADDRESS THE PUBLIC'S RIGHT TO A SPEEDY TRIAL

This court must also consider the requirements of the Speedy Trial Act in ruling on the current request to continue the trial date until September of 2022. In *United States v. Lloyd*, 125 F. 3d 1263, 1270-1271 (9th Cir.1997), the Ninth Circuit noted that "the Speedy Trial Act places the burden directly on the district court to conduct whatever factual inquiry is necessary to determine for itself whether the parties require – or even desire – any continuance at all, and, if so, whether the reason for granting such a continuance are sufficient to 'outweigh the best interest of the public and the defendant [s] in a speedy trial.'" In *Lloyd*, the Ninth Circuit held that a continuance of 112 days violated the Speedy Trial Act because the court failed to conduct an appropriate inquiry before granting the continuance requested. "The district court may not simply credit the vague statements by one party's lawyer about the possible scheduling conflicts or general desires for a continuance of the other parties or their attorneys; instead, it must conduct an appropriate inquiry to determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would 'outweigh the best interest of the public and the defendant[s] in a speedy trial.'" *Id.* at 1269.

1  In distinguishing *Lloyd*, another court noted that the only facts upon which the district court based its "ends of justice" finding were that one counsel had a scheduling conflict on a certain date and other counsel had scheduling conflicts with later dates, which the Ninth Circuit in *Lloyd* found "woefully inadequate." *United States v. Herrera*, 2016 WL 3693799 *8 (C.D. Cal, 2016). In *Herrera*, both the defense and the government stipulated to the continuance, which was based on "far more than scheduling conflicts," including needing additional time for investigation and legal research. *Id*.

In this case, the sole reason for the continuance is a scheduling conflict, one of defense counsel's own making. The government is opposed to the continuance, and maintains that the scheduling conflicts of defense counsel, created after the trial date in this case, do not outweigh the public interest in a Speedy Trial, particularly in light of the dimming memories of the victim witnesses involved.

V.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion to continue the trial date in this case.

DATED: June 15, 2021               Respectfully submitted,

                                   RANDY S. GROSSMAN
                                   Acting United States Attorney

                                   /s/Melanie K. Pierson
                                   Assistant United States Attorney