## SUPPLEMENTAL AFFIDAVIT

I, Charles Chabalko, being duly sworn, hereby declare and state:

1. I have been a Special Agent for the Federal Bureau of Investigation (FBI), assigned to the San Diego Field Office, since 2003. I have been on the Cyber squad since 2008. I am one of the case agents in the investigation and prosecution of the defendants in *United States v. Bychak*, 18cr4683-GPC.

2. This investigation was opened by the San Diego Field Office of the FBI in February of 2014, following a referral from the Baltimore Field Office. The Baltimore Field Office had received information from Spamhaus that indicated that individuals later determined to be located in San Diego had hijacked IP addresses and were using them to send spam.

3. I first met and interviewed the source of information at Spamhaus (SS) in June of 2014. To the best of my knowledge, I was involved in every communication between the San Diego Field Office of the FBI and SS in this case. Since that time, neither I nor the FBI have directed SS to conduct any pro-active investigation in this case. Since that time, neither I nor the FBI have tacitly approved any actions taken by SS at SS's own initiative in this case.

4. Specifically, neither I nor the FBI directed SS to obtain internal Company A documents on behalf of the FBI. Whenever SS mentioned a potential source of information, I asked SS to give my contact information to the potential source or provide me with his/her contact information so I could communicate directly with him/her.

5. On October 12, 2017, SS sent me an email with a zip file attached entitled "Interesting Emails.zip." To the best of my knowledge, the zip file constituted the only occasion when I received from SS what SS represented to be internal Company A documents. Based on SS's comment in a previous email that SS possessed some emails that involved an attorney, I contacted the U.S. Attorney's Office for advice prior to receiving the zip file. I asked SS to place

the data in a zip file if SS did send it, and told SS that I could not review emails containing potential confidential attorney communications until the documents were found to be not privileged. Based on advice from the U.S. Attorney's Office, I did not review the zip file. I do not recall reading the contents of this zip file, or the replacement zip file sent to me by SS in November 2018, until the contents were produced to the defense as discovery, after a review by a filter team. I did not discuss those documents or their contents with SS. Neither I nor the FBI passively approved SS revealing to me any confidential communications with an attorney.

6. On Tuesday, September 21, 2021, SS sent me an email indicating that one defense attorney's law firm subscribed to Spamhaus' email filtering system. The email also indicated that a former Spamhaus employee, possibly employed by outside counsel for Company A, had conducted queries of the Spamhaus' public database known as ROKSO (Register of Known Spam Operations).

7. I forwarded the email to the U.S. Attorney's Office and sought advice. Before I received any advice, SS sent me another email on Sunday, September 26, 2021, that indicated two defense attorneys' law firms also had conducted queries of Spamhaus' public ROKSO database. Both of SS's September 2021 emails listed the terms queried of Spamhaus' public ROKSO database, but did not identify the query results. Neither I nor the FBI directed SS to obtain this or any information regarding queries by members of the defense team of Spamhaus' public ROKSO database, nor did I passively approve such conduct.

8. After receiving advice from the U.S. Attorney's office, I sent an email to SS on October 18, 2021, requesting that SS stop providing such information to the government.

I declare that the foregoing is true and correct, under penalty of perjury.

DATED: January 21, 2021    Charles Chabalko, Special Agent
Federal Bureau of Investigation