# EXHIBIT C

Law Office of David W. Wiechert
Attorneys at Law
27361 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Facsimile: (949) 496-6753

January 28, 2019

<u>Via E-Mail</u>
Melanie Pearson, Esq.
Sabrina Feve, Esq.
Robert Ciaffa, Esq.
United States Attorney's Office
Southern District of California

   Re: <u>United States v. Jacob Bychak, et al.</u>, Case No. 18-CR-4683

Dear Ms. Pierson, Ms. Feve and Mr. Ciaffa:

Pursuant to the Court's order to meet and confer regarding the Defendants' Bill of Particulars motion, which was heard on January 25, 2019, below is a summary of the Defendants' understanding of what the government intends to assert at trial, and the outstanding Bill of Particulars issues to discuss at the meet and confer conference.

*Settled Bill of Particulars Issues*

- The only IP netblocks that the government alleges were illegal are the IP netblocks listed in Grand Jury Exhibit ("GJ Ex.") 251. Further, the government has represented that the Letters of Authority that were allegedly false are the domains listed in GJ Ex. 251.

- At the hearing, the government represented that it is only claiming that the dba/domain names to allegedly conceal Defendants' identity, as referenced in the Indictment, are the dba/domain names associated with the 11 allegedly hijacked netblocks identified in GJ Ex. 251.

*Outstanding Bill of Particulars Issues to Meet & Confer*

- Identify the specific names of the dbas, post office boxes and domain names allegedly used by Defendants to conceal their identity related to the 11 allegedly hijacked netblocks as identified in GJ Ex. 251.

- Specify whether the government alleges Defendants sending commercial "spam" email in itself is illegal, or only the emails sent from the 11 allegedly hijacked netblocks are illegal. The government's argument on page 9 of its Opposition to the Defendants' Bill of Particulars Motion suggests it views "spam" email as illegal.

- Identify the amount of the proceeds the government seeks to forfeit and identify the property subject to forfeiture. Although Fed. Crim. Rule 32.2(a) does not require the indictment to identify the property subject to forfeiture or specify the amount, the 2009 amendment notes to that rule provide: "[t]he court may direct the government to file a bill of particulars to inform the defendant of the identity of the property that the government is seeking to forfeit or the amount of any money judgment sought if necessary to enable the defendant to prepare a defense or to avoid unfair surprise. *See, e.g., United States v. Moffitt, Zwerdling, & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996) (holding that the government need not list each asset subject to forfeiture in the indictment because notice can be provided in a bill of particulars); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 944 (N.D. Ill. 2001) (directing the government to identify in a bill of particulars, at least 30 days before trial, the specific items of property, including substitute assets, that it claims are subject to forfeiture). . . ."

Please let us know some dates and times you are available for a meet and confer conference to discuss these issues. Thank you again for your cooperation and attention to these matters.

Very truly yours,

Jessica C. Munk
David W. Wiechert

Cc: James Riddett
    Whitney Z. Bernstein
    Thomas H. Bienert Jr.
    Naeun Rim
    Gary Lincenberg
    Randy K. Jones

2