# EXHIBIT D



**U.S. Department of Justice**

**ROBERT S. BREWER JR.**
United States Attorney
Southern District of California

| | |
|---|---|
| Sabrina L. Fève | (619) 546-6786 |
| Assistant U.S. Attorney | Fax (619) 546-0831 |
| Email: | Sabrina.Feve@usdoj.gov |

San Diego County Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893

Imperial County Office
516 Industry Way
Suite C
Imperial County, California 92251-5782

January 30, 2019

*Vie Email*
Jessica C. Munk
David W. Wiechert
Randy K. Jones
James Riddett
Whitney Z. Bernstein
Thomas H. Bienert Jr.
Naeun Rim
Gary Lincenberg

Counsel-

In preparation for today's telephone call and to address your January 28, 2019 letter, we wanted to clarify the two points addressed in the section of your letter entitled "Settled Bill of Particulars Issues."

First, you write that "The only IP netblocks that the government alleges were illegal are the IP netblocks listed in Grand Jury Exhibit . . .251." To clarify, the illegal activity alleged in the Indictment is a conspiracy to commit wire fraud and electronic mail fraud. The "Manner and Means" section of the Indictment at paragraph 2(a) alleges that the conspirators sought to further this fraud by identifying netblocks that were registered to others or appeared to be inactive. Paragraph 2(b) alleges that members of the conspiracy would then send fraudulent Letters of Authority ("LOAs") to hosting companies claiming to be the authorized users of these netblocks. The netblocks referenced in both paragraphs 2(a) and 2(b) are the netblocks listed in Grand Jury Exhibit 251. There is an additional list of netblocks that members of the conspiracy identified but did not, to our knowledge, attempt to announce via LOA or use to send commercial email. We will produce that document within one week.

Your first bullet point continues, "the government has represented that the Letters of Authority that were allegedly false are the domains listed in GJ Ex. 251." To clarify, the Letters of Authority referred to being the authorized user of a *netblock*, and were sent in furtherance of exercising control over that netblock. *See,* Grand Jury Exhibits 69, 91, 93, 95, 108, 115-119, 123-124, 130-132, 142, 150-151, 156-158, 165, 171.

Letter to Defense Counsel
January 30, 2019
Page 2

Second, you write that "the government represented that it is only claiming that the dba/domain names to allegedly conceal Defendant's identity, as referenced in the Indictment, are the dba/domain names associated with the 11 allegedly hijacked netblocks identified in GJ Ex. 251." This statement misunderstands the government's position and allegations. DBAs and domain names are different. DBAs refer to a corporate alter ego that it typically registered with a state or local authority, whereas domain names are any alphanumeric string registered through a domain registrar that can then be assigned to an IP address or used to route email traffic, for example. The domain names referenced in Grand Jury Exhibit 251 are the domain names that members of the conspiracy used to acquire control of the 11 netblocks referenced therein and the subject of the sales contracts negotiated with Get Ads. If you have additional questions regarding DBAs and domain names, please refer us to the specific portion of the Indictment you had in mind and we will be happy to try and clarify further what DBAs or domain names are contemplated.

We look forward to speaking with you later today on the outstanding issues identified at the January 25, 2019 hearing.

Sincerely,

Sabrina L. Fève
Assistant U.S. Attorney