# EXHIBIT F

## Law Office of David W. Wiechert
Attorneys at Law
27361 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Telephone: (949) 361-2822
Facsimile: (949) 496-6753

February 4, 2019

<u>Via E-Mail</u>
Melanie Pearson, Esq.
Sabrina Feve, Esq.
Robert Ciaffa, Esq.
United States Attorney's Office
Southern District of California

  Re: <u>United States v. Jacob Bychak, et al.</u>, Case No. 18-CR-4683

Dear Ms. Pierson, Ms. Feve and Mr. Ciaffa:

  This letter is a follow-up from our January 30, 2019 meet and confer conference call, which was ordered by the Court at the January 25, 2019 motion hearing. The following is a summary of the bill of particulars issues that we discussed and is our understanding of the government's claims against our clients.

  1. Alleged hijacked netblocks – the government has identified 11 alleged hijacked netblocks that are listed in Grand Jury Exhibit 251 ("GJ Ex. 251"), which the government represented at the bill of particulars hearing is what this case is about. However, per your letter dated January 30, 2019, the government informed us that the only other IP netblocks it views as illegally hijacked, which fall under paragraph 2(a) of the Indictment, are the netblocks listed in the document with the bates stamp AMOBEE0083702.

  2. Letters of Authority – the government has identified that the only Letters of Authority it believes were fraudulently submitted to announce the alleged hijack netblocks are identified in GJ Ex. 251. The government's January 30, 2019 letter provided a list of GJ Exhibit numbers where we can find those Letters of Authority.

  3. DBAs, post office boxes, email addresses and domain names (collectively referred to as "dbas") used to allegedly conceal the Defendants' identity as referenced in Paragraph 8 of the Indictment – the government confirmed that it only believes the use of dbas with the alleged 11 hijacked netblocks are illegal. The government pointed us to GJ Ex. 55 for a list of some of the dbas used with these 11 netblocks.

1

  4. Commercial "spam" email – the government confirmed that it only considers the commercial emails that was sent from the alleged 11 hijacked netblocks were illegal, and is not taking the position that commercial email, i.e. "spam" email, in itself is illegal.

  5. Criminal Forfeiture – the government does not believe it needs to identify the amount of proceeds it seeks to forfeit or the property subject to forfeiture and referred us to *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016). *United States v. Lo*, 839 F.3d at 790 provides pursuant to Rule 32.2: "[t]he indictment … need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." We agree that the indictment need not specify the amount of forfeiture or the property subject to forfeiture. However, the 2009 amendment notes to Rule 32.2 specifically state: "[t]he court may direct the government to file a bill of particulars to inform the defendant of the identity of the property that the government is seeking to forfeit or the amount of any money judgment sought if necessary to enable the defendant to prepare a defense or to avoid unfair surprise. *See, e.g., United States v. Moffitt, Zwerdling, & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996) (holding that the government need not list each asset subject to forfeiture in the indictment because notice can be provided in a bill of particulars); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 944 (N.D. Ill. 2001) (directing the government to identify in a bill of particulars, at least 30 days before trial, the specific items of property, including substitute assets, that it claims are subject to forfeiture). . . ."

  While we still disagree whether the government in a bill of particulars should identify the amount of proceeds it seeks to forfeit from the Defendants and the property subject to forfeiture, the government did represent if there is a conviction in this case, it is only seeking to forfeit what the individual Defendants made from the alleged illegal conduct – it will not be seeking forfeiture of what the company made.

Very truly yours,

Jessica C. Munk<br>
David W. Wiechert

Cc: James Riddett
  Whitney Z. Bernstein
  Thomas H. Bienert Jr.
  Naeun Rim
  Gary Lincenberg
  Randy K. Jones