**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
Thomas H. Bienert, Jr., SBN 135311
James D. Riddet, SBN 39826
Whitney Z. Bernstein, SBN 304917
Carlos A. Nevarez, SBN 324407
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:  (949) 369-3700
Email:  tbienert@bklwlaw.com
          jriddet@bklwlaw.com
          wbernstein@bklwlaw.com
          cnevarez@bklwlaw.com

*Attorneys for Mohammed Abdul Qayyum*

**WIECHERT, MUNK & GOLDSTEIN, PC**
David W. Wiechert, SBN 94607
Jessica C. Munk, SBN 238832
William J. Migler, SBN 318518
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA  92675
Telephone:  (949) 361-2822
Email:  dwiechert@aol.com
          jessica@wmgattorneys.com
          william@wmgattorneys.com

*Attorneys for Jacob Bychak*

**BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**
Gary S. Lincenberg, SBN 123058
Nicole Rodriguez Van Dyk, SBN 261646
Darren L. Patrick, SBN 310727
Alexis A. Wiseley, SBN 330100
1875 Century Park East, Floor 23
Los Angeles, CA 90067
Telephone:  (310) 201-2100
Email: glincenberg@birdmarella.com
          nvandyk@birdmarella.com
          fpatrick@birdmarella.com
          awiseley@birdmarella.com

*Attorneys for Petr Pacas*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Randy K. Jones, SBN 141711
3580 Carmel Mountain Road, Suite 300
San Diego, Ca 92130
Telephone: (858) 314-1510
Email: rkjones@mintz.com

Daniel J. Goodrich, BBO 692624 (Pro Hac)
Ryan Dougherty, BBO 703380 (Pro Hac)
1 Financial Center
Boston, MA 02111
Email:  djgoodrich@mintz.com
          rtdougherty@mintz.com

*Attorneys for Mark Manoogian*

18-cr-04683-GCP

DEFENDANTS' SUPPLEMENTAL *MOTION IN LIMINE* TO PRECLUDE REFERENCES TO "HIJACKING" OR "HIJACKED" DURING TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACOB BYCHAK et al.,

    Defendants

Case No. 3:18-cr-04683-GPC
Hon. Gonzalo P. Curiel

**DEFENDANTS' SUPPLEMENTAL
MOTION *IN LIMINE* TO PRECLUDE
REFERENCES TO "HIJACKING" OR
"HIJACKED" DURING TRIAL**

Date:  April 26, 2022
Time: 1:30 p.m.
Dept.: 2D

18

19

20

21

    Pursuant to Fed. R. Evid. 403, Defendants move for an order: (1) precluding the government and its witnesses from using the terms "hijacking" or "hijacked" during trial when referencing to netblocks or Internet protocol ("IP") addresses; and (2) directing the government and its witnesses to instead use the phrase "use/using without authorization."[1]

22

23

24

25

    The Court should enter this order because the terms "hijacking" and "hijacked" are highly inflammatory, prejudicial, emotionally-charged, and evocative of acts unrelated to the issues in our matter such that Defendants will be deprived of a fair trial, particularly

26

27

28

---

[1] Defendants did not file this motion earlier, hoping the government would have used neutral phrasing rather than the inflammatory and prejudicial terms "hijacked" and "hijacking." However, the government's use of the inflammatory and prejudicial terms at the April 11, 2022 hearing compel Defendants to file this motion.

1

1  when one of the defendants is named "Mohammed Abdul Qayyum" and the jury pool is

2  drawn from an area with a significant military presence.

3      Based on recent oral argument doubling down on hyperbolic phrases in its pleadings,

4  it is clear that the government and its witnesses intend to use the terms "hijacked" and

5  "hijacking" indiscriminately.  *See, e.g.*, Dkt. No. 347 at 4-5 ("…GetAds IP blocks listed

6  in Grand Jury Exhibit 251 were ***hijacked***," "Evidence relating to these ***hijacked*** IP

7  blocks…," "The defendants' acquisition and use of the ***hijacked*** AFRINIC netblocks…,"

8  "the 'AirSea Freight Services' announcement involved ***hijacked*** IP addresses," and "the

9  ***hijacked*** GetAds netblocks") (emphasis added).

10     The Court should prohibit the government and its witnesses from using such

11  inflammatory and prejudicial terms during trial.  The government has previously made

12  arguments based on dictionary definitions of words.  *See* Dkt. No. 369 at 3-4, fns. 2 & 3.

13  Similarly, the Court should consider the common dictionary definitions of the term "hijack"

14  here.  Merriam-Webster defines "hijack" to mean (a) "to steal (goods in transit) by

15  stopping a vehicle"; (b) "to commandeer (a vehicle in transit)"; (c) "to stop and steal from

16  (a vehicle in transit)"; and (d) "kidnap."[2]  It cites the following examples: "[i]n June 1976,

17  an Air France Airbus was *hijacked* … and flown at gunpoint," "[a] man claiming to have

18  a bomb attempted to *hijack* a Pegasus Airlines plane," and "[p]olice are hunting two men

19  who *hijacked* a truck at knifepoint."  *See id.* (emphasis in original).

20     Likewise, Oxford Learner's Dictionaries define "hijack" as "to use violence or

21  threats to take control of a vehicle, especially a plane, in order to force it to travel to a

22  different place or to demand something from a government" and use the term in the

23  following examples: "The plane was hijacked by two armed men on a flight from Miami to

24  San Juan" and "Demonstrators fear that the march could be hijacked by extremists."[3]

25

26

27  _____

    [2] https://www.merriam-webster.com/dictionary/hijack.

28  [3] https://www.oxfordlearnersdictionaries.com/us/definition/american_english/hijack.

DEFENDANTS' SUPPLEMENTAL *MOTION IN LIMINE* TO PRECLUDE REFERENCES TO
"HIJACKING" OR "HIJACKED" DURING TRIAL

The common definitions of "hijack" and "hijacking" invoke the terrorist attacks of September 11, 2001, which would unfairly link Defendants to emotionally charged actions and events wholly unrelated to this case, thus depriving them of a fair trial; this is a particular concern here where one of the defendants has an identifiably Muslim name and the jury pool is drawn from areas known for a strong military presence.  *See, e.g., United States v. Elfgeeh*, 515 F.3d 100, 127 (2d Cir. 2008) ("There can be little doubt that in the wake of the events of September 11, 2001, evidence linking a defendant to terrorism in a trial in which he is not charged with terrorism is likely to cause undue prejudice");[4] *United States v. Odeh*, No. 13-CR-20772, 2014 WL 5473042, at *8-10 (E.D. Mich. Oct. 27, 2014) (explaining "[i]t goes without saying that the American public is particularly emotional when it comes to terrorism and the threat of terrorism.").

Courts regularly preclude the use of loaded, inflammatory terms at trial, particularly when such terms are not a part of the charged offense.  *See, e.g.*, *United States v. Diaz*, No. 213CR00148JADGWF, 2014 WL 12708688, at *3-4 (D. Nev. Apr. 14, 2014) (barring reference to the defendants' activities as "organized crime" in "light of the obvious stigma attached to" the phrase, and where the phrase is "gratuitously inflammatory" and there were "no racketeering charges in this case"); *United States v. Dimora*, 843 F. Supp. 2d 799, 848 (N.D. Ohio 2012) (precluding government from using the word "godfather" when referring to the defendant because the characterization had "the very real potential of being 'improperly transformed ... to invoke negative and sinister connotations, and to convey strong prejudicial overtones.'") (citations omitted); *Mosavi v. Mt. San Antonio Coll.*, 805 F. App'x 502, 505 (9th Cir. 2020) (upholding ruling excluding use of the term "rape" given that the connotations to a lay person would be unfairly prejudicial); *United States v. Haynor*,

---

[4] Though the Second Circuit in *Elfgeeh* concluded that the defendants were not entitled to a new trial based on an FBI agent's two references to terrorism during a trial about the defendants' alleged conspiracy to operate an unlicensed money-transmitting business, there is a significant danger here that the government and its witnesses would use the charged terms "hijacked" and "hijacking" more than twice, as demonstrated by the government's filings.

DEFENDANTS' SUPPLEMENTAL *MOTION IN LIMINE* TO PRECLUDE REFERENCES TO "HIJACKING" OR "HIJACKED" DURING TRIAL

No. 1:09-CR-172, 2012 WL 5342410, at *7 (S.D. Ohio Oct. 29, 2012) (in response to defendant's motion *in limine* seeking to prohibit the use of the term "sham" and other derogatory references when referring to a tax strategy, the court deferred ruling until the final pretrial conference but "share[d] [the defendant's] concern that witnesses and documents stating that SLOTS was a 'sham' transaction, suffered from 'fatal flaws,' or using other similar derogatory terms, could cause unfair prejudice to both Defendants from the outset of the trial").

Instead of using such inflammatory and prejudicial terms, the government and its witnesses should use the phrase "use/using without authorization."[5]   This terminology comports with the terms and phrases used in the Indictment.  *See* Dkt. No. 1 at 2-3 (conspirators allegedly created letters that "purported to authorize the use of a netblock not registered to the conspirators" and "defendants created and sent letters . . . fraudulently making it appear that the registrant of the IP addresses had authorized the defendants' use of the IP addresses").  Moreover, ***the government itself used this phrasing*** when questioning a grand jury witness: "another way to hijack an IP and use it, in other words, using it without authorization, is that more or less the same thing?"  *See* Exhibit A (irrelevant portions have been redacted) (filed under seal).  There is no reason to define an inflammatory term just to then use the inflammatory shorthand, and to do so would violate Fed. R. Evid. 403.

For the foregoing reasons, the Court should enter an order: (a) precluding the government and its witnesses from using the terms "hijacking" or "hijacked" during trial when referencing netblocks or IP addresses; and (b) directing the government and its witnesses to instead use the phrase "use/using without authorization."

/ / /

/ / /

---

[5]  https://www.spamhaus.org/news/article/778/network-hijacking-the-low-down (defining "network hijacking" as involving "the announcing or re-routing of Internet protocol (IP) addresses without authorization from the owner of those addresses").

4

1      Respectfully submitted,

2    Dated:  April 15, 2022          **BIENERT KATZMAN LITTRELL**

3                                    **WILLIAMS LLP**

4                                    By:  */s/ Whitney Z. Bernstein*

5                                         Thomas H. Bienert, Jr.
                                          James D. Riddet
6                                         Whitney Z. Bernstein
                                          Carlos A. Nevarez
7                                         *Attorneys for Mohammed Abdul Qayyum*

8

9    Dated:  April 15, 2022          **MINTZ LEVIN COHN FERRIS**

10                                   **GLOVSKY AND POPEO, P.C.**

11                                   By:  */s/ Randy K. Jones*

12                                        Randy K. Jones
                                          Daniel J. Goodrich (Pro Hac)
13                                        Ryan Dougherty (Pro Hac)
                                          *Attorneys for Mark Manoogian*
14

15   Dated:  April 15, 2022          **WIECHERT, MUNK & GOLDSTEIN, PC**

16                                   By:  */s/ Jessica C. Munk*

17                                        David W. Wiechert
                                          Jessica C. Munk
18                                        William J. Migler
                                          *Attorneys for Jacob Bychak*
19

20   Dated:  April 15, 2022          **BIRD, MARELLA, BOXER, WOLPERT,**

21                                   **NESSIM, DROOKS, LINCENBERT &**
                                     **RHOW, P.C.**
22

23                                   By:  */s/ Gary S. Lincenberg*

24                                        Gary S. Lincenberg
                                          Nicole Rodriguez Van Dyk
25                                        Darren L. Patrick
                                          Alexis A. Wiseley
26                                        *Attorneys for Petr Pacas*

27

28

5

DEFENDANTS' SUPPLEMENTAL *MOTION IN LIMINE* TO PRECLUDE REFERENCES TO
"HIJACKING" OR "HIJACKED" DURING TRIAL

1

## **CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

2

The undersigned counsel of record for Defendant Abdul Mohammed Qayyum

3

certifies that the content of this document is acceptable to each of the Defendants' counsel

4

whose electronic signature appears thereon, and that I have obtained their authorization to

5

sign this document on their behalf.

6

7
                                        */s/ Whitney Z. Bernstein*
                                          Whitney Z. Bernstein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF AUTHORIZATION TO SIGN SIGNATURE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Counsel for Defendant Mohammed Abdul Qayyum certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

AUSA Melanie K. Pierson
AUSA Sabrina L. Fève
AUSA Ashley E. Goff
U.S. Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101
melanie.pierson@usdoj.gov
sabrina.feve@usdoj.gov
ashley.goff@usdoj.gov

Candina S. Heath
U.S. Department of Justice
1301 New York Avenue NW, Suite 600
Washington, DC 20530
candina.heath2@usdoj.gov

Dated:  April 15, 2022                    */s/ Whitney Z. Bernstein*
                                          Whitney Z. Bernstein

CERTIFICATE OF SERVICE