RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>ABDUL MOHAMMED QAYYUM (3), and<br>PETR PACAS (4),<br><br>　　　　　Defendants. | Case No.: 18cr4683-GPC<br><br>**UNITED STATES' MOTION FOR PUBLIC FILING OR LIMITED UNSEALING OF DEFENDANT'S REDACTED MOTION & ATTACHMENTS FILED PURSUANT TO ECF NO. 348** |

COMES NOW the plaintiff, United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson, Sabrina L. Fève, and Computer Crime and Intellectual Property Section Senior Counsel Candy Heath, and hereby files its above-referenced Motion, based on the files and records in this case.

On March 24, 2022, defendant Jacob Bychak filed a Notice of Motion for Leave to File Documents *Ex Parte*/In-Camera and Under Seal. ECF No. 348. On April 26, 2022, the Court directed Bychak's counsel to provide the government with a redacted copy of the motion by April 29, 2022, so that the government could respond by May 6, 2022.

On the afternoon of April 29, 2022, the government received the redacted filings, which indicate that they are under seal. The government requests that the Court either order the redacted documents to be filed publicly via ECF, or, at the least, be ordered unsealed for the limited purpose of permitting the government to share the documents with counsel for Company A.

The reasons for this motion are two-fold: First, it is unclear why the redacted filings associated with ECF No. 348 were filed under seal. Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The two categories of documents traditionally kept secret are grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id*. (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989)). Defendant's pleadings do not fall in either of those two categories.

A party seeking to seal a judicial record bears the burden of overcoming the "strong presumption" against sealing by meeting either the "compelling reasons" or "good cause" standard and articulating those reasons, supported by specific factual findings, that outweigh the general history of public access and public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79 (citations omitted). In particular, the courts

apply the "compelling reasons" standard to sealing dispositive motions and the "good cause" standard to sealing non-dispositive motions. *Id.* at 1179-80. The "good cause" standard typically applies to "documents produced in discovery" and is ordinarily evaluated under Fed. R. Civ. Pro. 26(c). *Id.* at 1180.

Here, defendant is seeking to deprive the government of two significant witnesses whose testimony is material to establishing the revenue generated by the defendants' charged conduct. This type of significant impact on the government's case is more akin to a dispositive motion than a discovery motion and the compelling reasons standard should therefore apply. "Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180. Under the compelling reasons standard, defendant needs to establish that, without sealing, the documents would "become a vehicle for improper purposes," such as the use of records "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The redacted motion does not satisfy that standard and should therefore be unsealed.

Even if the compelling reasons standard did not apply, Bychak's sealed motion would still not satisfy the need to show good cause. Rule 26(c) requires any party seeking sealing under this standard to first meet and confer, which defendant did not do. Rule 26(c) also requires a judicial determination that disclosure is needed to protect a party or person from undue "annoyance, embarrassment, oppression, or undue burden or expense." *Kamakana*, 447 F.3d at 1180. While defendant may be annoyed at having the motion unsealed, the standard is more exacting than a party's subjective feelings. For example, in *Kamakana*, the Ninth Circuit endorsed a magistrate judge's findings that, while a litigant's medical records could be sealed for good cause, mere assertions of privilege (in that case, the deliberative process privilege, the law enforcement privilege, and the official

information privilege), privacy interests, and embarrassment were insufficient to satisfy Rule 26(c). *Id.* at 1186. Because nothing in Bychak's redacted briefing demonstrates good cause for sealing, the redacted briefing should be unsealed and publicly filed.

Finally, public filing of defendant's redacted briefing is consistent with Rule 49.1 of the Federal Rules of Criminal Procedure, which specifically contemplates that, in briefing involving sensitive information, redacted copies may be filed publicly in tandem with unredacted copies submitted under seal. Fed. R. Crim. Pro. 49.1(f) ("A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record."). Defendant has provided no justification to depart from this established practice and the equities weigh against such a departure. The Court has repeatedly advised the parties that filing materials under seal is a burden and delays the Court's ability to retrieve and review the documents. The redacted briefing should therefore be publicly filed via ECF, and the government, in turn, can respond via the normal electronic portal.

Another reason to unseal is that defendant's briefing makes repeated representations as to what Company A, its counsel, and its experts have said and done. By filing these materials under seal, defense counsel is preventing the government from sharing the materials with Company A, distorting the factfinding process, and unfairly prejudicing the government's ability to respond. Accordingly, at a minimum, the government requests that the Court issue a limited unsealing order permitting the government to share the briefing with Company A's attorneys.

For the foregoing reasons, the government respectfully submits that the redacted briefing associated with ECF No. 348 should be filed publicly or, in the alternative, a

//

//

limited unsealing order should be entered permitting the government to disclose the redacted briefing to outside counsel for Company A.

DATED: May 2, 2022

                                          Respectfully submitted,

                                          RANDY S. GROSSMAN
                                          United States Attorney

                                          /s/Melanie K. Pierson
                                          Assistant United States Attorney

                                          /s/Sabrina L. Fève
                                          Assistant United States Attorney

                                          /s/Candy Heath
                                          Senior Counsel
                                          Computer Crime and Intellectual Property Section
                                          Department of Justice, Criminal Division