| | |
|---|---|
| **BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>Thomas H. Bienert, Jr., SBN 135311<br>James D. Riddet, SBN 39826<br>Whitney Z. Bernstein, SBN 304917<br>Carlos A. Nevarez, SBN 324407<br>903 Calle Amanecer, Suite 350<br>San Clemente, California 92673<br>Telephone:  (949) 369-3700<br>Email:  tbienert@bklwlaw.com<br>       jriddet@bklwlaw.com<br>       wbernstein@bklwlaw.com<br>       cnevarez@bklwlaw.com<br><br>*Attorneys For Mohammed Abdul Qayyum* | **WIECHERT, MUNK & GOLDSTEIN, PC**<br>David W. Wiechert, SBN 94607<br>Jessica C. Munk, SBN 238832<br>27136 Paseo Espada, Suite B1123<br>San Juan Capistrano, CA  92675<br>Telephone:  (949) 361-2822<br>Email:  dwiechert@aol.com<br>       jessica@wmgattorneys.com<br><br><br><br><br><br>*Attorneys For Jacob Bychak* |
| **BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW, P.C.**<br>Gary S. Lincenberg, SBN 123058<br>Nicole Rodriguez Van Dyk, SBN 261646<br>Darren L. Patrick, SBN 310727<br>Alexis A. Wiseley, SBN 330100<br>1875 Century Park East, Floor 23<br>Los Angeles, CA 90067<br>Telephone:  (310) 201-2100<br>Email:  glincenberg@birdmarella.com<br>       nvandyk@birdmarella.com<br>       dpatrick@birdmarella.com<br>       awiseley@birdmarella.com<br><br>*Attorneys For Petr Pacas* | **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**<br>Randy K. Jones, SBN 141711<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, Ca 92130<br>Telephone:  (858) 314-1510<br>Email:  rkjones@mintz.com<br><br>Daniel J. Goodrich, BBO 692624 (Pro Hac)<br>Ryan Dougherty, BBO 703380 (Pro Hac)<br>1 Financial Center<br>Boston, MA 02111<br>Email:  djgoodrich@mintz.com<br>       rtdougherty@mintz.com<br><br>*Attorneys For Mark Manoogian* |

18-cr-04683-GPC

DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTIONS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JACOB BYCHAK, et al.<br><br>　　　　Defendants. | Case No. 3:18-cr-04683-GPC<br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' PROPOSED<br>PRELIMINARY JURY INSTRUCTIONS** |

## I.     INTRODUCTION.

At the hearing on May 6, 2022, the Court ordered the parties to file preliminary jury instructions to include definitions of relevant terms that jurors would not otherwise know. Dkt. 406. Accordingly, Jacob Bychak, Mark Manoogian, Mohammed Abdul Qayyum, and Petr Pacas ("Defendants"), by and through counsel, submit the following preliminary instructions.

\ \ \

\ \ \

\ \ \

\ \ \

| Model Jury Instruction No. | Proposed Instruction No. | |
|---|---|---|
| 1.1 | | Duty of Jury |
| 1.2 (as modified) | 1 | The Charge — Presumption of Innocence |
| | 2 | Sending Spam is Not Illegal |
| 1.3 (include point 3) | | What is Evidence |
| 1.4 | | What is Not Evidence |
| 1.5 (as modified) | 3 | Direct and Circumstantial Evidence |
| 1.6 | | Ruling on Objections |
| 1.7 (as modified) | 4 | Credibility of Witnesses |
| 1.8 | | Conduct of the Jury |
| 1.9 | | No Transcript Available to the Jury |
| 1.10 | | Taking Notes |
| 1.11 | | Outline of Trial |
| 1.13 | | Separate Consideration for Each Defendant |
| 1.14 | | Questions to Witnesses by Jurors During Trial |
| 1.16 | | Bench Conferences and Recesses |

COURT'S INSTRUCTION NO.
DEFENDANT'S PROPOSED INSTRUCTION NO. 1

### 1.2 – The Charge—Presumption of Innocence (as modified)

This is a criminal case brought by the United States government.  The government charges Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas with: (1) Conspiracy; (2) Wire Fraud; and (3) Electronic Mail Fraud.  The charges against Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas are contained in the indictment.  The indictment simply describes the charges the government brings against Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas.  The indictment is not evidence and does not prove anything.

Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas have each pleaded not guilty to the charges and are presumed innocent unless the jury unanimously finds that the government has proven each of them guilty beyond a reasonable doubt.  In addition, Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas have the right to remain silent and never have to prove innocence or to present any evidence.

To help you follow the evidence, I will now give you a brief summary of the terms you will hear about in this case:

ARIN – ARIN is the American Registry for Internet Numbers, which is the regional Internet registry for the United States that was founded in 1997.  It is a non-governmental organization that manages the distribution of Internet number resources.

Spamhaus – The Spamhaus Project is an international organization based overseas in the Principality of Andorra (a microstate on the Iberian Peninsula).  Spamhaus was founded in 1998 and its self-proclaimed mission is to eliminate all forms of commercial email and identify companies and individuals it deems to be sending spam.  Spamhaus is not a governmental or law enforcement agency.  It does not operate in the United States and is

not subject to American laws.

IP Addresses – Internet Protocol (IP) Addresses are a series of numbers that identify any device on a network. Computers use IP addresses to communicate with each other both over the Internet as well as on other networks.

IP Announcement – To announce an IP address means someone notifies the Internet that they have permission to use that IP address.

Netblocks – A netblock is a range of consecutive IP addresses.

Registrant – A "registrant" of an IP address is the person or entity who has entered into a Registration Services Agreement ("RSA") with ARIN.

Spam – Spam is unsolicited commercial messages sent in bulk by email.

    To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to convict the defendants:

    To convict Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas of conspiracy, the government must prove, beyond a reasonable doubt, that:
    [Model Jury Instruction 11.5 for Conspiracy]

    To convict Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas of wire fraud, the government must prove, beyond a reasonable doubt, that:
    [Model Jury Instruction 15.35 for Wire Fraud]

    To convict Mr. Bychak, Mr. Manoogian, Mr. Qayyum, and Mr. Pacas of electronic

mail fraud in violation of the CAN-SPAM Act, the government must prove, beyond a reasonable doubt, that:

First, each defendant knowingly and falsely represented themselves to be the registrant and the legitimate successor in interest to the registrant of five and more Internet Protocol addresses;

Second, each defendant intentionally initiated the transmission of multiple commercial electronic mail messages from such addresses;

Third, the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, and 250,000 during any 1-year period;

Fourth, there was no right for recipients of the electronic mails to decline to receive additional electronic mail from the same source; and

Fifth, each defendant knowingly used, or caused to be used, electronic mails affecting interstate commerce.

**Authority**

9th Cir. Jury Instr. 1.2 (modified); *See United States v. Cummings*, 468 F.2d 274, 280 (9th Cir. 1972) (the presumption of innocence remains "throughout the trial" and goes "with the jury when it deliberates"; "the presumption does not disappear when evidence to the contrary is received."); 18 U.S.C. § 1037(a)(5); 9th Cir. Jury Instr. 15.32 & 15.35; "The CAN-SPAM Act was enacted to prevent senders of electronic mail from deceiving recipients 'as to the source of content of such mail' and to ensure that recipients 'have a right to decline to receive additional commercial electronic mail from the same source.'" *United States v. Kilbride*, 584 F.3d 1240, 1256 (9th Cir. 2009).

COURT'S INSTRUCTION NO.

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

### Sending Spam is Not Illegal

Sending unsolicited, commercial mass electronic mail messages, colloquially known as "spam," is not illegal. Sending advertisements by email is an established and worthwhile device in the toolbox of accepted marketing practices, which Congress did not intend to ban.

### Authority

*Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1045, 1047–48 (9th Cir. 2009) (Ninth Circuit recognized that the Controlling the Assault of Non–Solicited Pornography and Marketing ("CAN–SPAM") Act of 2003, 15 U.S.C. § 7701 *et seq.*, "does not ban spam outright, but rather provides a code of conduct to regulate commercial e-mail messaging practices" and "consumers and Congress have come to view e-mail, when fairly employed, as an established and worthwhile device in the toolbox of accepted marketing practices"); *White Buffalo Ventures, LLC v. Univ. of Texas at Austin*, 420 F.3d 366, 376, 368-69 (5th Cir. 2005) (Fifth Circuit acknowledged that sending spam is not in and of itself illegal, but rather there is a distinction between "legitimate" spam and "illegal" spam that violates federal and state regulations); *United States v. Kilbride*, 507 F. Supp. 2d 1051, 1055 (D. Ariz. 2007) ("The CAN–SPAM Act did not make the mere sending of bulk emails a crime. Congress acted more narrowly"); *Livingston v. United States*, No. 19-CV-12656, 2020 WL 5525536, at *2 (D.N.J. Sept. 15, 2020) (in addressing petitioner's claim that he was "factually innocent" because "spam is legal," a New Jersey district court distinguished his actions with legal spamming, noting that "Petitioner was prosecuted for the particular (and illegal) way he went about sending spam, not the mere act of spamming").

COURT'S INSTRUCTION NO.

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

### 1.5 – Direct and Circumstantial Evidence (as modified)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

Before you may rely on circumstantial evidence to conclude that a fact necessary to find a defendant guilty has been proved, you must be convinced that the prosecution has proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to a defendant's innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

### Authority

9th Cir. Jury Instr. 1.5 (modified); Judicial Council of California Criminal Jury Instructions (CALCRIM) 224 - Circumstantial Evidence: Sufficiency of Evidence (2007).

COURT'S INSTRUCTION NO.

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

## 1.7 – Credibility of Witnesses (as modified)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, such as whether or not the witness is receiving benefits for their testimony, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence;

(8) whether the witness made any prior inconsistent statements; and

(9) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### Authority

9th Cir. Jury Instr. 1.7 (modified); 9th Cir. Jury Instr. 6.9.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated: May 11, 2022 | | **BIENERT KATZMAN LITTRELL WILLIAMS LLP** |
| | By: | */s/ Whitney Z. Bernstein*<br>Thomas H. Bienert, Jr.<br>James D. Riddet<br>Whitney Z. Bernstein<br>Carlos A. Nevarez<br>*Attorneys for Mohammed Abdul Qayyum* |
| Dated: May 11, 2022 | | **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.** |
| | By: | */s/ Randy K. Jones*<br>Randy K. Jones<br>Daniel J. Goodrich (Pro Hac)<br>Ryan Dougherty (Pro Hac)<br>*Attorneys for Mark Manoogian* |
| Dated: May 11, 2022 | | **WIECHERT, MUNK & GOLDSTEIN, PC** |
| | By: | */s/ Jessica C. Munk*<br>David W. Wiechert<br>Jessica C. Munk<br>*Attorneys for Jacob Bychak* |
| Dated: May 11, 2022 | | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** |
| | By: | */s/ Gary S. Lincenberg*<br>Gary S. Lincenberg<br>Nicole Rodriguez Van Dyk<br>Darren L. Patrick<br>Alexis A. Wiseley<br>*Attorneys for Petr Pacas* |

## **CERTIFICATION OF AUTHORIZATION TO SIGN SIGNATURE**

The undersigned counsel of record for Mohammed Abdul Qayyum certifies that the content of this document is acceptable to each of the Defendants' counsel whose electronic signature appears thereon, and that I have obtained their authorization to sign this document on their behalf.

                                            */s/ Whitney Z. Bernstein*
                                               Whitney Z. Bernstein

# CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

>AUSA Melanie K. Pierson
>AUSA Sabrina L. Fève
>AUSA Ashley E. Goff
>U.S. Attorney's Office
>880 Front Street, Rm 6293
>San Diego, CA 92101
>melanie.pierson@usdoj.gov
>sabrina.feve@usdoj.gov
>ashley.goff@usdoj.gov

>Candina S. Heath
>U.S. Department of Justice
>1301 New York Avenue NW, Suite 600
>Washington, DC 20530
>candina.heath2@usdoj.gov

Respectfully submitted,

Dated: May 11, 2022         By: */s/ Whitney Z. Bernstein*
                                Whitney Z. Bernstein