RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB BYCHAK (1),<br>MARK MANOOGIAN (2),<br>ABDUL MOHAMMED QAYYUM (3), and<br>PETR PACAS (4),<br><br>Defendants. | Case No.: 18cr4683-GPC<br><br>**GOVERNMENT'S POCKET BRIEF REGARDING THE ADOPTIVE ADMISSION EXCEPTION TO THE HEARSAY RULE** |

COMES NOW the plaintiff, United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson, Sabrina L. Fève, and Computer Crime and Intellectual Property Section Senior Counsel Candy Heath, and hereby files its above-referenced Memorandum

Concerning the Adoptive Admission Exception to the Hearsay Rule Pursuant to Federal Rule of Evidence 801(d)(2)(B).

## ADOPTIVE ADMISSIONS ARE NOT HEARSAY

The Federal Rules of Evidence dictate that a statement made by and offered against an opposing party, where the opposing party "manifested that it adopted or believed [the statement] to be true," is not hearsay. Rule 801(d)(2)(B). If sufficient foundational facts have been introduced for the jury to reasonably conclude that the defendant adopted a statement, then the issue should go to the jury, who can weigh the strength of that evidence. *United States v. Monks*, 774 F.2d 945, 950 (9th Cir. 1985); *United States v. Gil*, 58 F.3d 1414, 1420 (9th Cir. 1995) (admitting ledgers as defendants' adoptive admissions). The adoptive admissions rule applies to the electronic communication of documents and statements attaching other documents as well, for example, when one employee's remark as to another employee's email is then forwarded to an outside party. *Sea-Land Service v. Lozen International*, 285 F.3d 808, 818-21 (9th Cir. 2002).

In *Sea-Land*, the Ninth Circuit held that an email by one employee, incorporating an internal memorandum from another employee, was an adoptive admission, when prefaced by comments manifesting "an adoption or belief in the truth" of the internal memorandum. *Id. Sea-Land* was a case involving a dispute over the late delivery of goods. A Sea-Land employee sent an email to the customer, incorporating information from another Sea-Land employee about the delivery, prefaced by a note stating, "Yikes, Pls note the rail screwed us up." The incorporated information was found to be an adoptive admission, since the individual sending the email appeared to manifest a belief of the truth of the incorporated statement.

In the instant case, the defendants regularly sent emails to each other that contained information they received from each other or an outside source regarding the status of the netblocks, which they then discussed amongst themselves, and agreed to act, based on an apparent belief in the truth of the incorporated statements. For example, in October of 2013, defendant Mark Manoogian advised defendants Jacob Bychak and Abdul Mohammed

Qayyum that a hosting company reported that their data center said "the loa is invalid" because "the whois info didn't match." [Trial Exhibit 166.] ("LOA" stands for "Letters of Authorization.") Qayyum replied that they could "set up an email service according to the POC" [Point of Contact on the WhoIs registry]. Manoogian then wrote, "He is saying they sent an email to dlynn@ect.net."[1] Qayyum then responded, "dlynn@ect.net has been configured to forward all emails to us." *Id*. Following the reasoning of *Sea-Land*, the statement that the Educational & Corporate Technologies LOA was invalid because the POC did not match the ARIN WhoIs registry would be an adoptive admission of the defendants, and not hearsay. The defendants (who were aware that an email had been sent to the email address for the Educational & Corporate Technologies POC on the WhoIS registry to confirm the authorization in the LOA) manifested their belief in the truth of that statement by configuring the email address for the Educational & Corporate Technologies POC (which they controlled at that time) to forward all emails to them, so they could impersonate the POC and respond affirmatively to any third-party inquiries regarding authenticity of the LOA.

The Ninth Circuit has held that adoptive admissions may occur even when the adopted message has not been reviewed by the adopter, where actions meaningfully link the document and the possessor together. *Transbay Auto Service v. Chevron USA*, 807 F.3d 1113 (9th Cir. 2015). "Situations of this sort are most commonly encountered where the party forwards the document to another in response to some request (or perceived need) for information of the sort contained in the document." *Id*. (citation omitted). In *Transbay*, Chevron had offered to sell a service station property to a franchisee. Chevron offered to sell the property for one figure; the franchisee commissioned an appraisal that determined the property was worth a higher amount. The franchisee purchased the property but later sued Chevron, claiming it had overpaid. At trial, the franchisee claimed not to have

---

[1] "Dlynn@ect.net" was the email address for Darrel Lynn, who was the listed point of contact for the Educational & Corporate Technologies ("ECT") IP netblock in ARIN's WhoIS registry.

reviewed the appraisal it had commissioned and submitted to the bank in support of a loan application for the property. The trial court excluded the franchisee's valuation at trial as hearsay, and Chevron appealed.

The *Transbay* court reversed the district court, finding that the appraisal by the franchisee was an adoptive admission. The court noted that "the action that a party takes in conformity with the document need not be serious." *Id*. at 1119-1120. It is *not* required that the party have reviewed the document; a party may instead manifest an intent to adopt the contents by using the document to accomplish an objective or by acting in conformity with the document. *Id*. at 1120. The Ninth Circuit, agreeing with the First Circuit, found that the test was whether "the surrounding circumstances tie the possessor and the document together in some meaningful way." *Id*. at 1119, 1120-21 (quoting *Pilgrim v. Trs. Of Tufts Coll.*, 118 F.3d 864, 870 (1st Cir. 1997). Applying the standard to the actions of the franchisee, who had a vested interest in supplying the valuation of the property to a bank for a loan, the trial court should have found "sufficient foundational facts for a jury to reasonably conclude" that the franchisee adopted the valuation and should have permitted that statement to go to the jury. *Id*. at 1121-22.

Similar to the facts of *Transbay*, the defendants in this case sent emails to the hosting companies, with attached LOAs [*i.e.* Trial Exhibits 31, 31A, 34, 34A, 35, 35A, 35B]. Like the appraisal submitted to the bank by the franchisee in *Transbay*, the defendants had a vested interest in supplying evidence of their purported authorization to use the IP netblocks by means of the LOAs attached to their emails. Accordingly, the LOAs are adoptive admissions, and not hearsay, as the defendants manifested an intent to adopt the LOAs' contents, that is the purported authorization to use the netblocks, by sending the LOAs to the hosting companies.

The adoptive admission rule was discussed quite recently in *Brown v. DirecTV*, 2021 WL 5755044 (C.D. Cal Dec. 1, 2021) at *13-14. *DirecTv* involved third-party debt collectors for DirecTv, who maintained records of persons reporting that the debt collectors were calling wrong numbers. DirecTv did no independent investigation regarding the

wrong number complaints but simply removed the complainants' phone numbers from their database. In the class action lawsuit brought by individuals who claimed that they were called by debt collectors although they had never been DirecTv subscribers, DirecTv argued that the self-reports of "wrong number" were inadmissible hearsay. The court disagreed, finding them to be adoptive admissions because DirecTv relied upon them in making decisions regarding whether to remove the number from the database, which manifested a belief in the accuracy of the records.[2] Similar to *DirecTv*, the defendants in this case received reports from individuals complaining that they had received spam sent from the GetAds IPs, and responded to those reports by unsubscribing the complaining individuals from their mailing lists. [Trial Exhibits 176, 177, 436-39, 441-43, 643.] Accordingly, the emails from the parties complaining about spam, like the wrong number reports in *DirecTv*, should be considered adoptive admissions.

In sum, when deciding whether to admit a proffered email or document in the face of an objection for hearsay, the Court should decide whether the opposing party exhibited an intent to adopt the contents by using the document to accomplish an objective or by acting in conformity with the document. *Transbay* at 1121. The forwarding of an email

//

---

[2] The *Transbay* Court, in determining that the personal review of a document by a party was not determinative for an adoptive admission, drew an analogy to the willful blindness doctrine in criminal cases. The court noted that just as a defendant who was willfully blind to the false contents of a document could be found guilty of fraud, a person who acts in conformity with or uses a document to achieve an objective could be found to have adopted its contents, even if they have not reviewed it. *Transbay Auto Service v. Chevron USA*, 807 F.3d 1113, 1120 (9th Cir. 2015) (citing cases). The import is clear: a defendant may not take actions in reaction to possessing a document and then simply hide their head in the sand to avoid having that document imputed to them.

1  with an attachment, or the inclusion of information from others used to focus the actions
2  of the defendants, can constitute facts sufficient to overcome a hearsay objection.
3      DATED: June 1, 2022    Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/Melanie K. Pierson
Assistant United States Attorney

/s/Sabrina L. Fève
Assistant United States Attorney

/s/Candy Heath
Senior Counsel
Computer Crime and Intellectual Property Section