FILED
JUN 10 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
SABRINA L. FEVE
Assistant U.S. Attorneys
California Bar No. 112520/226590
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0631
Email:Melanie.Pierson@usdoj.gov/Sabrina.Feve@usdoj.gov

CANDINA S. HEATH
Senior Counsel
Texas Bar No. 09347450
Computer Crime and Intellectual Property Section
U.S. Department of Justice
Washington, D.C. 20005
Tel: (202) 307-1049
Email: Candina.Heath2@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JACOB BYCHAK,<br><br>Defendant. | Case No. 18-CR-4683-GPC<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Assistant United States Attorneys Melanie K. Pierson and Sabrina L. Fève, and Computer Crime and Intellectual Property Section Senior Counsel Candy Heath, and Defendant JACOB BYCHAK, with the advice and consent of Jessica Munk, counsel for Defendant, as follows:

//

//

I

**THE PLEA**

Defendant agrees to plead guilty to Count 1 of the Superseding Information charging Defendant with:

> Conspiring with others to knowingly and falsely represent themselves to be the registrant and legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses, and intentionally initiate the transmission of multiple commercial electronic mail messages from such addresses, in and affecting interstate commerce, on or about between December 2010 and September 2014, within the Southern District of California, in violation of 18 U.S.C. §1037(a)(5) and (b)(3), a misdemeanor.

The Government agrees to (1) move to dismiss the remaining charges in the underlying Indictment without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. The defendant agrees to waive the Statute of Limitations and any double jeopardy rights and allow the filing of this Superseding Information. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

II

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. Beginning on or about December 2010 and ending on or about September 2014 there was an agreement between two or more persons to

commit the offense of electronic mail fraud, in violation of Title 18, United States Code, Section 1037(a)(5) and (b)(3);

  2. The defendant became a member of the conspiracy knowing of its object and intending to help accomplish it;

  3. The defendant or a co-conspirator knowingly and falsely represented himself to be the registrant or the legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses;

  4. The defendant or a co-conspirator intentionally initiated the transmission of multiple electronic mail messages from such addresses; and

  5. The electronic mail messages were transmitted in and affecting interstate commerce.

 B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

 Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

  1. At all relevant times, Defendant worked for a San Diego-based internet marketing company called Frontline Direct, then Adconion Direct and then Amobee (hereinafter referred to collectively as Company A). As part of his duties at Company A, Defendant managed the acquisition and announcement of Internet Protocol (IP) addresses. The defendant knew and intended these IPs were to be used to send multiple commercial electronic mail messages to persons throughout the United States.

  2. During the period of the conspiracy, the defendant agreed with other co-conspirators working at Company A to purchase 11

Def. Initials JB

18-CR-4683-GPC

domain names associated with IP addresses from Daniel Dye of GetAds (the "GetAds IPs") and announce these IP addresses via Vincent Tarney of the Mata Group and others so that the GetAds IPs could be used by Company A to send multiple commercial email messages throughout the United States. The GetAds IPs included the IP addresses associated with the domain names ect.net (165.192.0.0/16), Telalink.net (207-234.0.0/17 and 207.152.0.0/18), SierraSemi.com (151.192.0.0/16), openbusinesssystems.com (168.129.0.0/16), Moore-Solutions.com (167.87.0.0/16), TrinityMicro.com (63.79.40.0/21), Paxny.com (208.199.68.0/23), Sura.net (163.253.0.0/16), Cdnair.ca (142.147.0.0/16), Mediavis.com (149.118.0.0/16) and Internex.net (various). The domain names associated with the GetAds IPs allowed the defendant and his co-conspirators to control the IP addresses although, as the defendant was aware, neither he, nor his co-conspirators nor Dye nor GetAds were the actual registrants or legitimate successors in interest for these IP addresses.

3. To announce some of the GetAds IP netblocks, Dye provided defendant and his co-conspirators with Letters of Authorization ("LOAs"), which falsely attested that the true registrant of the IP addresses had authorized use of the IP addresses. The LOAs provided by Dye used the name and a fictitious letterhead of the IP address block's true registrant. Dye provided the defendant and his co-conspirators with electronic versions of LOAs created using word processing software. This format enabled the defendant and his co-conspirators to edit or alter the LOAs.

4. The defendant and his co-conspirators (knowing that they were not the true registrants, the legitimate successors in interest,

4

Def. Initials JB
18-CR-4683-GPC

or otherwise authorized by the true registrant) provided these LOAs to Tarney and other hosting companies, representing that they were authorized by the registrant, to enable Company A to use the GetAds IPs to send bulk unsolicited commercial email to individuals throughout the United States.

5. After the GetAds IPs were announced and under their control, defendant and his coconspirators coordinated Company A's use of these IP addresses to transmit multiple commercial electronic mail messages.

6. The parties agree that the amount of loss attributable the offense is $313,700.

### III
### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 1 years in prison;
B. a maximum $100,000 fine;
C. a mandatory special assessment of $25 per count;
D. a term of supervised release of one year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

### IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

Def. Initials JB
18-CR-4683-GPC

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

E. The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) Mark Manoogian, Abdul Mohammed Qayyuum and Petr Pacas. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea or withdraw from their agreement, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//
//
//

7

Def. Initials JB

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of

8

Def. Initials JD

the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

    1.  Base Offense Level [§ 2B1.1]                 6
    2.  Amount of Loss [§ 2B1.1(b)(1)(G)]          +12
    3.  Acceptance of Responsibility [§ 3E1.1]      -3
    4.  Combination of Factors [§ 5K2.0]            -7

The parties agree that a downward departure of seven levels for a combination of circumstances is appropriate, because the offense is a misdemeanor (while the guideline section is typically applied to felonies), and the agreement allows the government to avoid a prolonged trial during a surge in the ongoing pandemic.

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.  Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
    2.  Falsely denies prior criminal conduct or convictions;
    3.  Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing.

G. SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $25.00 per misdemeanor count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank

or cashier's check or money order made payable to the "Clerk, United States District Court."

    2. <u>Fine</u>

The parties will jointly recommend that Defendant pay a fine in the amount of $100,000, which the Court shall order payable forthwith.

    3. <u>Community Service</u>

The parties agree that the defendant will perform 100 hours of community service during any period of probation or supervised release.

H.    <u>SUPERVISED RELEASE/PROBATION</u>

If the Court imposes a term of supervised release or probation, Defendant will not seek to reduce or terminate early the term of supervised release or probation until Defendant has served at least 2/3 of the term and has fully paid and satisfied any special assessments, fine, and community service.

## XI

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If

Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of

all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

Def. Initials JB

## XIII

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

DATED: June 6, 2022          Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*Melanie K Pierson*

Melanie K. Pierson
Assistant United States Attorney

/s/Sabrina L. Fève
Assistant United States Attorney

/s/Candy Heath
Senior Counsel
Computer Crime and Intellectual Property Section

6/6/22
DATED                         JESSICA MUNK
                              Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

6-6-2022
DATED

JACOB BYCHAK
Defendant

15

Def. Initials JB

18-CR-4683-GPC